JOHN HENRY BRYANT *v.* STATE OF ARKANSAS

CR 73-17                                              494 S.W. 2d 126

Opinion delivered May 14, 1973

*Fred Newth,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Ralph C. Hamner Jr.,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted of first degree rape and asks for reversal because of the alleged misconduct of two of the trial jurors.

From the abbreviated record it appears that witness Charles E. Finley testified that on the night of the alleged offense he saw the prosecuting witness with a man other than appellant. Finley was on the witness stand when a noon recess interrupted his testimony. Before the reconvening of court at 1:15 p.m., the trial judges called the attorneys into chambers and made this report:

> Now, let the record show that shortly after the recess for noon, two of the jurors. . . came in and asked to talk to the court. They came in here and told me that they had seen the defendant, and the witness that should now be sitting on the stand, whatever his name is, leave the courthouse together. . . and that they went down the street together, and wondered if that would make a difference.

Counsel for appellant moved for a mistrial, contending that it was improper for jurors to discuss the case with anyone, citing Ark. Stat. Ann. § 43-2122 (Repl. 1964):

> The jury, whether permitted to separate or kept in charge of officers, must be admonished by the court that it is their duty not to permit anyone to speak to or communicate with them on any subject connected with the trial, and that all attempts to do so should be immediately reported by them to the court, and that they should not converse among themselves on any subject connected with the trial, or form or express any opinion thereon until the cause is finally submitted to them. This admonition must be given or referred to by the court at each adjournment.

The trial judge explained with respect to the incident: "I didn't talk to them, I only, they talked to me. They explained to me what they had seen and wondered if it made any difference". The trial judge suggested that the attorneys might want to proceed with questions regarding any conversation between the witness and appellant, and to offer to the jurors the opportunity to ask additional questions regarding the matter. Counsel for appellant was not agreeable to the suggested procedure, insisting that the very confrontation of the jurors with the trial judge entitled appellant to a mistrial. When trial resumed the only questions asked concerning the incident reported by the jurors was by the prosecuting attorney. The witness replied that he had not discussed the case with appellant at any time.

The trial court offered to call the two jurors into chambers and to permit appellant's counsel to question them about the incident, and that offer was declined. No

admonition to the jurors was requested. The only thing the record shows about the incident between the judge and jurors was that the jurors reported what they had seen, to which the judge apparently replied that he could not discuss the matter.

There is a complete absence of showing that contrary to § 43-2122, any juror received from anyone any information on any subject connected with the trial, or that the jurors formed any opinion prior to the submission of the case. Furthermore, the trial judge acted with complete fairness in reporting the incident and giving appellant's counsel the opportunity to question the jurors further about the incident.

Affirmed.