Louise CAMPBELL *v.* STATE of Arkansas

CR 83-106                                    660 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered November 21, 1983

14

Appellant, *pro se.*

Steve Clark, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Louise Campbell, who pleaded guilty to theft with four prior felony convictions, was sentenced to twenty years imprisonment with five years suspended. This occurred in the Pulaski County Circuit Court on December 13, 1979, before Judge Floyd Lofton. Campbell filed a petition for postconviction relief on September 10, 1982, complaining her sentence was illegal for four reasons: Judge Lofton knew of her extensive criminal background and should have been disqualified; her prior felony convictions were not proved; her counsel was incompetent, and her sentence was excessive.

The record of the hearing before Judge Lofton bears out that Louise Campbell made a knowing and voluntary guilty plea to Judge Lofton, she admitted and recognized that she had four prior felonies and knew of the possible sentence, she had conferred with her attorney several times on strategy and whether to plead guilty, and whether to plead guilty to Lofton, and that she unquestionably knew that she could receive a twenty year sentence. She deliberately and knowingly turned down a negotiated plea for a sentence of twenty years with fifteen years suspended, gambling that the State could not produce the witnesses on the trial date who would prove her guilty of two charges of theft. She lost that gamble and now complains. The State did produce the witnesses,

the negotiated plea was no longer offered, and she decided to plead guilty to Judge Lofton. Any objections and arguments not raised at trial, which might have been, are waived, except those that would render the judgment void. *McCroskey* v. *State,* 278 Ark. 159, 644 S.W.2d 272 (1983); *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980).

Judge Lofton had previously represented Campbell in some criminal matters. He recognized her just as the hearing began and offered to disqualify:

THE COURT:

Mr. Simpson, [Defense Counsel] I didn't recognize Ms. Campbell until she walked up here. I used to represent Ms. Campbell. Do you have any objections to me entering this plea? Is it a plea?

DEFENSE ATTORNEY:

She is going to throw herself on the mercy of the Court. It's not a negotiated plea, although there are some circumstances that she would like to make the court aware of.

THE COURT:

Okay. Ms. Campbell, I have represented you for some time and your husband, Freddie, and have some knowledge about you and your prior involvement with the law. Would you rather somebody else hear this?

DEFENDANT CAMPBELL:

No.

THE COURT:

Gentlemen, I really feel uncomfortable about it, because I am aware of Ms. Campbell's extensive involvement with the law. I will — if you would like, I will go ahead and do what I think the system requires

and try to be as honest with Louise as I can under the system; or, I will do one or the other: I will take her guilty plea and satisfy myself with this plea and transfer her to the Fifth Division for sentencing or *I'll transfer the whole thing*. Talk to her Mr. Simpson, and see what she wants to do. [Emphasis added.]

DEFENSE ATTORNEY:

I discussed this with her the other day and she indicated she had no objection to me.

THE COURT:

Well, do you want me to go ahead?

DEFENSE ATTORNEY:

She had no objection to you hearing it. What he's saying is, if you want to transfer to another judge, he will do that.

DEFENDANT CAMPBELL:

No, that's okay.

Campbell explicitly said she did not want Judge Lofton to recuse. Counsel for Campbell said he and Campbell had talked about this very question a day or so before and Campbell did not object to Judge Lofton hearing the case. Even if Judge Lofton should have been disqualified, Campbell was completely aware of her rights and the circumstances and chose to proceed in his court.

Her complaint about the prior convictions is based on *Cox* v. *Hutto*, 589 F.2d 394 (8th Cir. 1979), and *McCroskey* v. *State*, 272 Ark. 356, 614 S.W.2d 660 (1981). The difference here is she acknowledged several times that she had four prior convictions. First she did so in her signed plea statement; next, when the trial court asked her if she realized what the sentence could be with four prior felonies, she indicated she understood; and, finally, when she acknow-

ledged in open court that she had gone over her plea statement with counsel and understood it. It is significant that she does not argue at any point that she does not have four prior felony convictions. There is no merit in this point.

Campbell has failed to demonstrate her counsel was ineffective. Indeed, the record reflects that Campbell knowingly decided her own fate. When Judge Lofton offered to disqualify the record reads:

DEFENSE ATTORNEY:

I discussed this with her the other day and she indicated she had no objection to me.

THE COURT:

Well, do you want me to go ahead?

DEFENSE ATTORNEY:

She had no objection to you hearing it. What he's [Judge Lofton] saying is, if you want to transfer to another judge, he will do that.

DEFENDANT CAMPBELL:

No, that's okay.

DEFENSE ATTORNEY:

She tells me that she would prefer to stay in this court. I explained to her that you were willing to send it to a different court, but she preferred to stay here.

When she learned the State had withdrawn her offered plea counsel explained:

DEFENSE ATTORNEY:

Here's what happened, your Honor, day before yesterday, the State made an offer to the defendant of

twenty years, with fifteen years suspended. That offer was communicated to her by me. And the defendant indicated to me that she did want to plead guilty, but she wasn't sure whether she wanted to accept the State's offer or plead guilty to the Court. I discussed it with her for about an hour and a half and I told Mr. Haynes that there was a good possibility that she would be pleading to the Court. I did not see Mr. Haynes again until today.

The defendant, this morning, indicated to me that, well she wanted to go ahead and take the State's offer. Mr. McDaniel and myself went over and talked to Mr. Haynes and he said, "Well, we have witnesses here today, so let's go on and go to trial."

So, it's a situation where actually the State never said "well, the offer is withdrawn." On the other hand, at the same time, they didn't indicate to me that it would be there just indefinitely.

THE COURT:

Do you have anything, Mr. Prosecutor?

PROSECUTING ATTORNEY:

Your Honor, all I know is that an offer was made and it wasn't accepted. And we were required to get the witnesses up here and get ready for trial. Mr. Simpson, I think, can verify that the witnesses were here and we were ready to prove the case before he told me for certain that they were going to plead. So, I think they were just waiting until the last minute, in hopes that we wouldn't be able to get all the witnesses up here.

DEFENSE ATTORNEY:

That's true. *Before any final decision was made on her part, she wanted to make sure that the witnesses were here and Mr. McDaniel did tell me that they were and I passed that on to her. And that's when the final decision was made on her part.* [Emphasis added.]

Counsel is presumed effective and the burden is on one attempting to prove otherwise to overcome this presumption and demonstrate by clear and convincing evidence that he was prejudiced by the representation of his counsel to such an extent that he did not receive a fair trial. *Fink* v. *State*, 280 Ark. 281, 658 S.W.2d 359 (1983). Since Louise Campbell testified that she was satisfied with her counsel and signed a plea statement to that effect, we find she has not demonstrated ineffective assistance of counsel. *Moore* v. *State*, 273 Ark. 231, 617 S.W.2d 855 (1981).

Undoubtedly Campbell thought because Judge Lofton had represented her he would be lenient. He was not. She has no basis at law for any complaint having fully, intelligently and knowingly waived any rights or arguments she may have had.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent from the view of my brethren. The present controversy presents a classic case where a trial judge should have refused to hear the plea or to sentence the defendant because of the appearance of impropriety. Even though the appellant and her attorney both expressly agreed that the trial judge should not disqualify, it would have been better for him not to pass sentence on his former client. Appellant and her attorney both thought he would be at least as lenient as the plea bargain offer. They were sadly mistaken. It is not enough that a trial judge be fair and impartial; he must also appear to be such. *Farley* v. *Jester*, 257 Ark. 686, 520 S.W.2d 200 (1975). The trial court should have voluntarily disqualified without request by the parties. *Edmondson* v. *Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978).

The court stated at the hearing:

Gentlemen, I really feel uncomfortable about it because I am aware of Ms. Campbell's extensive involvement with the law . . . I will go ahead and do what I think the

system requires and try to be as honest with Louise as I can under the system . . . I will take her guilty plea and satisfy myself with this plea and transfer her to the Fifth Division . . . or I'll transfer the whole thing.

At sentencing, the trial court said:

Ms. Campbell, it would not have made any difference whether you had accepted the State's recommendation or not. So it's academic. If you had accepted it last week, I would not have.

Ms. Campbell, you are a thief. The court has known you for a long time and we're tired of you stealing from us. So, we're going to put you away so we won't have to worry about you for a while.

It is hard to keep from wondering how much information about appellant the trial judge obtained as her lawyer and how much of this went into the sentence. Only the present crime and prior convictions would have been before another judge. If the court's relationship with the appellant was unpleasant the sentence may have been different than if the relationship had been a pleasant one. For appearance only, I think the court erred. I would remand for re-sentencing before another court.