Sammy Joe ELMORE *v.* STATE of Arkansas

CA CR 84-121                    682 S.W.2d 758

Court of Appeals of Arkansas
Division I
Opinion delivered January 16, 1985

*John Wesley Hall, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Sammy Joe Elmore, was convicted of fleeing and criminal attempt to commit capital murder and was sentenced to three years and ten years imprisonment respectively. On appeal, appellant alleges the following errors for reversal:

(1) That the trial court erred in ordering the case to be tried in one day and in refusing to order a new trial for that reason.

(2) That the trial court erred in suggesting before the jury that it would be defense counsel's responsibility if they had to hold the trial over another day, and in threatening counsel with contempt if his witnesses from out-of-state did not appear.

(3) That the trial court erred in failing to record an exchange with a juror in the presence of appellant's counsel.

(4) That the trial court erred in denying appellant's motion to recuse in the hearing on the motion for a new trial when it became apparent that the trial judge would need to testify as a witness.

(5) That the trial court erred in requiring appellant to use AMCI 4104 on physical force in self-defense and AMCI 4105 on deadly force in self-defense or neither when appellant requested only AMCI 4104.

Appellant argues that the trial court erred in ordering that the trial be completed in one day. Appellant argues that it was prejudiced by the expedited nature of the trial, by the trial court's suggestion to the jury that it was appellant's fault if the trial required another day, and by the trial court's threat to hold appellant's counsel in contempt if he held the trial over and his witnesses failed to appear. A review of the facts is enlightening. Appellant's case was set for Wednesday, September 14, 1983. Appellant's counsel understood that three days had been set aside for appellant's trial and had scheduled two out-of-state witnesses for the second day of trial. Sometime during the trial Wednesday, it became apparent that the trial court had set aside only one day for the trial. Appellant's counsel, the trial judge and the prosecuting attorney discussed in chambers whether or not the trial would need to be carried over in light of the confusion. Appellant's counsel argued that he had clearly understood he would have three days for trial and impressed on the court the need for additional time. The trial court denied knowledge of any three day setting and pointed out the disadvantages of making the jury return for an additional day. The trial judge indicated that the following day, Thursday, was unavailable as other matters were scheduled, and that Friday or Saturday morning were the only available options. Upon returning to the courtroom, the trial judge informed the jury that they would need to return for a second day to hear two of appellant's witnesses who were coming from out-of-state. He then inquired as to whether Friday or Saturday morning would be preferable. Two jurors had commitments on Friday and another juror had a commitment on Saturday. The trial judge told the jurors to remain available by phone on Thursday and he would notify them when to return.

After appellant's last available witness was heard on Wednesday, the following exchange took place:

MR. SCOTT: (appellant's counsel)

That's all we've got except the two witnesses that are coming.

THE COURT:

Now, I want to have an understanding here so that this jury can depend on us. We've got what? Two witnesses?

MR. SCOTT:

Yes. I tell you what I would do. If it's the preference of the jury to complete tonight, I'll just forget about those two witnesses and we'll go on and complete it tonight if you'd rather do that.

THE COURT:

I think the jury wants to get this over with.

MR. SCOTT:

If that's what they want to do.

The prosecutor asked that the record reflect that the appellant knowingly waived the two witnesses and the following exchange took place:

MR. SCOTT:

Oh, yes. We're waiving them: We've made a decision there.

THE COURT:

All right. Now, there was some request for more time and what have you because of two witnesses out of Texas. And it's now my understanding that you want to forego their testimony and their presence. And you just want to go on and argue this and submit it to the jury.

MR. SCOTT:

Yes. That's correct.

THE COURT:

Is that what you want to do?

THE DEFENDANT: (appellant)

That's correct.

Appellant characterizes the situation which developed as one in which the judge ordered that the case be tried in one day. We think this characterization is inaccurate. From the testimony set out above, we believe it is clear that the trial judge did not order appellant's counsel to do anything, rather, appellant's counsel *chose* not to call his remaining two witnesses and avoid having the jury return for an additional day of testimony. We can appreciate appellant's argument that he was faced with an untenable choice in deciding whether to run the trial over another day or to forego his witnesses, but it is just such difficult decisions that attorneys are called upon to make daily. Appellant argues that the trial judge suggested it was appellant's fault if the trial ran over and that this was prejudicial to appellant. We see no such suggestion on the part of the trial court. The trial judge merely explained the time schedule to the jury; something he could hardly avoid doing. Appellant's counsel's primary responsibility in deciding to forego his witnesses was to his client, not the jury. While the jury might not have wanted to return for an additional day, they surely could have understood the heavy responsibility that required them to do so. We cannot seriously consider that a jury would be biased against a defendant due to the length of a trial. As for appellant's contention that the judge threatened to hold him in contempt if he held the trial over and his witnesses failed to appear, we find nothing in the record to support such an allegation. What the trial judge did in this case is what many judges do daily: urge attorneys to make the most efficient use of jury time. Trial attorneys must necessarily steel themselves to judges' entreaties to "hurry

up" when they believe it is not in their client's best interest. We cannot say that a judge's encouragement to speed up proceedings is error. When time is at a premium attorneys are going to be urged to press forward. An attorney's decision to comply or hold out for more time is just that: his decision. Here, we believe appellant's counsel made the decision to pass his two witnesses based on what he believed was in his client's best interest at the time. It was a judgment call. He cannot complain, upon deciding that the decision was wrong in retrospect, that someone else coerced him into making that decision. Appellant's contention that the trial court erred in failing to grant a new trial on this issue is without merit for the same reasons discussed above.

Appellant argues that the trial judge erred in failing to make a record of an exchange between himself and a juror and in refusing to recuse himself when it became apparent that he would need to testify about the exchange on appellant's motion for a new trial. The facts which led to this situation were developed in the hearing on appellant's motion for new trial and are not in dispute. During the trial a juror approached the trial judge and told him that she recognized someone in the defendant's family. The trial judge asked her if that would influence her judgment in the case. She said it would not. The trial judge made no record of this conversation at the time. After the verdict was rendered appellant's counsel apparently learned of this exchange through another source. Appellant argued in his motion for a new trial that the trial judge's failure to record the conversation and notify appellant's counsel entitled him to a new trial. We do not believe that the trial court's failure to record the conversation, nor his failure to notify appellant's. counsel was reversible error in this particular case. A review of appellant's counsel's testimony at the hearing on the motion for a new trial reveals that counsel knew of the juror's acquaintance with appellant's family. Appellant's counsel apparently did not believe it was a matter of concern as he failed to bring it to the court's attention at that time. Too, there is no evidence whatsoever that the juror's knowledge in any way affected her decision. The communication itself indicated no bias. See *Bryant* v. *State,* 254 Ark. 447, 494 S.W.2d 126 (1973), for a case with similar facts. The

trial court's failure to inform counsel of the communication and its failure to record it are not reversible errors here because of their harmless nature. We would point out however, that the practice should always be to record any communication with a juror and to notify counsel on both sides. The advisability of maintaining a record so that a judge need not face the prospect of reconstructing the record from memory, or becoming a witness, has been noted by our Supreme Court. See *Orman* v. *O. E. Bishop,* 243 Ark. 609, 420 S.W.2d 908 (1967). We cannot overemphasize the advisability of this practice.

At the hearing on the motion for a new trial, it became necessary for the trial judge to testify to what had passed between himself and the juror. Appellant asked the trial judge to recuse himself from ruling on the motion for a new trial because he was going to testify in the hearing. The trial judge denied appellant's motion to recuse. This put the trial judge in the position of ruling upon his own credibility and thus open to a charge of impartiality. This is one situation that the A.B.A. Code of Judicial Conduct cautions us against. Canon 3.C(1) of the Code states:

> A judge should disqualify himself in a proceeding which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding . . .

Our Supreme Court has recognized the need for a judge to disqualify when he must appear as a witness for want of a record. *Meyers* v. *State,* 252 Ark. 367, 479 S.W.2d 238 (1972). Our judicial system is founded upon the premise that justice is impartial. When a trial judge sits as judge and as witness, the appearance of impartiality is destroyed. It is clear that the trial judge should have recused himself when it became necessary for him to testify. However, we do not find that his failure to do so is reversible error under the facts of this particular case. While it was clearly error, we believe the appellant suffered no prejudice as a result. For the reasons discussed above, we do not believe that the trial court's failure to record the juror's communication or to inform

counsel was prejudicial and therefore, appellant was not entitled to a new trial on that basis. Having reached that decision, the trial judge's failure to recuse himself becomes a moot issue. However, in the interest of maintaining the integrity of our judicial system, we would emphasize the need for trial judges to diligently avoid all appearance of impropriety.

Finally, appellant argues that the trial court erred in requiring appellant to use AMCI 4104 and 4105 or neither when only AMCI 4104 was requested. AMCI 4104 pertains to the use of physical force in self-defense while AMCI 4105 pertains to the use of deadly physical force in self-defense. In appellant's case, there was sufficient evidence presented to warrant instruction on the use of both physical force and deadly physical force. Therefore, the trial judge was correct in his insistence upon giving AMCI 4105 if AMCI 4104 was given. It is the trial court's responsibility to give wholly correct instructions. *Johnson* v. *State,* 6 Ark. App. 342, 642 S.W.2d 324 (1982). The jury heard evidence from which it could have found that appellant used physical force or deadly physical force. Thus to instruct the jury upon the use of one without also instructing upon the use of the other would have resulted in incomplete instructions. For the above stated reasons we affirm.

Affirmed.

MAYFIELD and GLAZE, JJ., agree.