64

Donald W. CHANCELLOR *v.* STATE of Arkansas

CA CR 84-61                    684 S.W.2d 831

Court of Appeals of Arkansas
Division II
Opinion delivered February 27, 1985

*Charles A. Potter,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. On April 2, 1979 the defendant entered a plea of guilty to the charge of possession of a controlled substance with intent to deliver and was placed on five years probation by Judge John H. Goodson. On April 4, 1984 the State filed a motion to revoke that

probation on the ground that appellant had violated the conditions of probation by committing a similar offense. On October 3, 1983 a hearing was held before Circuit Judge Philip B. Purifoy on the motion to revoke. At that hearing there was evidence that the appellant had been convicted in the Miller County Circuit Court on the charge for which revocation had been sought. The court revoked the defendant's probation and sentenced him to a term of ten years in the Department of Correction to run consecutively with the five year sentence received in his conviction of the second offense. We find no merit in either of the two points for reversal advanced on this appeal.

Appellant first contends that Judge Purifoy was without jurisdiction to revoke a sentence imposed by Judge Goodson, citing Ark. Stat. Ann. § 41-1209(2) (Repl. 1977) which provides in pertinent part:

> (2) A suspension or probation shall not be revoked except after a revocation hearing. Such hearing shall be *conducted by the court that suspended imposition of sentence* on defendant or placed him on probation. . . . [Emphasis supplied]

He argues that the word "court" means "judge" and therefore one judge is without jurisdiction to revoke a probated sentence imposed by a different one. This point was not raised in the trial court and cannot be raised for the first time on appeal in this court. *Nation* v. *State*, 283 Ark. 250, 674 S.W.2d 939 (1984). In *Nation* on identical facts the court stated that jurisdiction is granted to a particular position and not to the individual who fills it and that judges of different divisions within a circuit have commutable authority. Although the court in *Nation* refused to review a question not raised below it is apparent that they found no merit in the contention.

Appellant next contends that Judge Purifoy should have recused himself because he also presided at the jury trial in which appellant was convicted of the second offense. He argues that the judge's previous contacts with him would prejudice the likelihood of a fair and impartial hearing.

Disqualification of a judge is discretionary with the judge himself and will not be reversed absent abuse of that discretion. *Woods* v. *State*, 278 Ark. 271, 644 S.W.2d 937 (1983). No such abuse of discretion has been shown. Judges are presumed to be impartial and a party seeking disqualification bears a substantial burden in proving otherwise. In denying the motion the judge stated that even though he did preside over the jury trial he did not feel that this prejudiced appellant's rights in any way. The court noted that the appellant had been found guilty by a jury and that the court had mererly imposed the sentence that was recommended by the jury in its verdict.

The appellant also argues that the trial judge's bias could be inferred from his ruling that the revoked sentence run consecutive to the sentence for the second conviction. We do not agree. Whether multiple sentences are to be served concurrently or consecutively is a matter within the discretion of a trial judge. *Hinton* v. *State*, 260 Ark. 42, 537 S.W.2d 800 (1976). It is to be noted that the appellant had been convicted twice of the same type of offense. The judge could easily have found that it was in the best interest of society and the accused that his sentences run consecutively. We cannot conclude that under the circumstances the trial judge's direction that the sentences run consecutively proved bias.

Affirmed.

MAYFIELD and COOPER, JJ., agree.