Belinda (Archer) BEASLEY *v.* Charles C. ARCHER

CA 87-6                                                    739 S.W.2d 695

Court of Appeals of Arkansas
Division II
Opinion delivered November 18, 1987

*Bob Scott*, for appellant.

*Charles C. Archer*, for appellee.

BETH GLADDEN COULSON, Judge. Appellee and appellant were divorced on September 15, 1981. On March 16, 1984, the appellant filed a petition seeking indefinite suspension of the appellee's visitation rights as to the parties' minor child on grounds of alleged child abuse. After several hearings, orders were entered on December 3, 1985, and on June 19, 1986, providing for periods of supervised visitation and setting forth procedures for the normalization of visitation. From that second order comes this appeal.

During the process of litigation, a contempt proceeding had been initiated against the appellant and appellant's counsel for failure to permit visitation as ordered by the court. While not presiding at the contempt proceeding, the chancellor appeared as a witness against appellant and her counsel. The appellant argues that this mandated the chancellor's recusal as to subsequent hearings on the merits of appellant's original petition. In response to appellant's motion that the chancellor disqualify himself, a

special master was appointed by agreement of the court, appellant, and appellant's counsel. Citing Rule 53(e)(2) of the Arkansas Rules of Civil Procedure, the appellant makes the additional argument that the chancellor erred in failing to adopt the special master's report. We find the appellant's arguments to be without merit and affirm.

Disqualification of a judge is discretionary with the judge himself and will not be reversed absent an abuse of that discretion. *Chancellor* v. *State*, 14 Ark. App. 64, 684 S.W.2d 831 (1985). Judges are presumed to be impartial, and the party seeking disqualification bears a substantial burden in proving otherwise.

In discussing Canon 3.C(1) of the A.B.A. Code of Judicial Conduct, this court has stated that when a trial judge sits as judge and as witness, the judge should disqualify himself in the proceeding because the required appearance of impartiality is destroyed. *Elmore* v. *State*, 13 Ark. App. 221, 682 S.W.2d 758 (1985). Yet, our decision in *Elmore* emphasized that the failure to recuse does not constitute reversible error where no showing has been made that the complaining party was prejudiced. 13 Ark. App. at 227. While the issue before us could be decided on that basis, we find it unnecessary to do so.

An examination of the record clearly shows that appellant's motion for recusal was followed by an agreement that the parties' dispute be referred to a special master. This was done, according to the chancellor, "in the interest of fairness to everyone involved. I did not want any appearance of impropriety or prejudice. . . ." Having agreed to submission of the matter to a special master—which by no means removed the court from its position of final authority—the appellant may not now argue that recusal by the chancellor was mandatory. *See Campbell* v. *State*, 281 Ark. 13, 660 S.W.2d 926 (1983), *cert denied*, 465 U.S. 1069 (1984).

In arguing that the chancellor erred in subsequently failing to adopt the special master's report, the appellant relies upon Rule 53(e)(2) of the Arkansas Rules of Civil Procedure, which provides:

The court shall accept the master's findings of fact

> unless clearly erroneous. Within 20 days after being served with notice of the filing of the report, any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(c). The court after hearing may adopt the report or modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

The rule requires that the court accept the master's findings of fact unless clearly erroneous, and to the extent that the court adopts the findings, they are considered the findings of the court. *Coyne* v. *Coyne*, 9 Ark. App. 80, 654 S.W.2d 584 (1983).

■ The special master's report contained findings of fact followed by various recommendations. The appellee filed his objections to those recommendations as provided by Rule 53. During the subsequent hearing which formed the basis for the order of December 3, 1985, the chancellor repeatedly stated that he had adopted the master's findings of fact, but that one of the recommendations would be rejected; others were later modified to meet changed circumstances. What the appellant is actually challenging on appeal is the chancellor's failure to follow the master's recommendations. We find that the chancellor's actions were in substantial compliance with Rule 53, and therefore find no merit to the appellant's argument.

Affirmed.

CRACRAFT, J., and JENNINGS, J., agree.