Vicki KOROLKO (Kanady) *v.* Joseph KOROLKO

CA 90-245                                    803 S.W.2d 948

Court of Appeals of Arkansas
Division II
Opinion delivered February 27, 1991

*Walters Law Firm*, by: *Mike Hamby*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Ronald D. Harrison* and *R. Ray Fulmer II*, for appellee.

JOHN E. JENNINGS, Judge. Appellant, Vicki Korolko, was divorced from the appellee, Joseph Korolko, Jr., who was subsequently awarded primary custody of the parties' young child, Sarah. On July 4, 1988, appellant took the child for a scheduled ten day visit. Instead of returning the child, appellant left the state and successfully concealed her whereabouts, and that of the child, until she was located in Corpus Christi, Texas, on February 9, 1990.

Appellant was cited for contempt, and after a hearing the chancellor found her in contempt and sentenced her to six months in the Sebastian County Jail. On appeal the appellant contends that the sentence was excessive and that the trial court failed to consider any mitigating factors; that the court applied the wrong burden of proof; and that the chancellor abused his discretion in failing to recuse. We find no error and affirm.

It is true as the appellant contends that we have the authority to reduce the punishment imposed for contempt in a proper case. *See, e.g., Morrow* v. *Roberts*, 250 Ark. 822, 467 S.W.2d 393 (1971). In contending that the sentence here was excessive appellant relies on *Payne* v. *White*, 1 Ark. App. 271, 614 S.W.2d 684 (1981). In *Payne* the appellant picked up the child for visitation on December 26, 1979, and was to return the child to the appellee on January 2, 1980. On December 28, 1979, the appellant filed an action for change of custody in the State of California. The California court declined jurisdiction and on January 7, 1980, the child was apparently returned to the State of Arkansas forthwith. The chancellor found the appellant in contempt, fined her $1,500.00, and awarded attorneys' fees to the appellee.

There are obvious differences between that case and this one. In *Payne* the child was not secreted and the delay in returning the

child was less than a week. Here the appellee had no knowledge of the child's whereabouts for a year and a half. The case at bar more closely resembles *Smith* v. *Smith*, 28 Ark. App. 56, 770 S.W.2d 205 (1989), also cited by the appellant. There, the appellant failed to return the parties' children after visitation. The delay was sixty-four days and we affirmed the chancellor's sentence (as modified) of the appellant to sixty-four days imprisonment.

█ Appellant also argues that the chancellor erred in failing to consider mitigating factors. This argument must fail because no mitigating factors whatsoever were presented by either party at the contempt hearing. While the sentence imposed in this case was certainly substantial, we cannot say from our review of the record as a whole that it was excessive under the circumstances.

█ Appellant also contends that the court erred in not requiring proof of appellant's contempt beyond a reasonable doubt. The argument appears to be that because the chancellor did not expressly state the applicable burden of proof, we are to presume that he was unaware of it. No authority is cited for this proposition and we can find none. Nothing in the record indicates that the chancellor was unaware of the proper burden of proof in this criminal contempt proceeding.

Finally, appellant argues that the trial court abused its discretion in failing to recuse. The sole basis for this contention is a copy of a letter from the appellant's attorney dated January 4, 1990, addressed to the chancellor. The letter was attached as an exhibit to a motion for new trial filed by the appellant after the contempt hearing. The letter states:

> Dear Judge Kimbrough:
>
> I have filed a complaint against you with the Judicial Discipline & Disability Commission. I am not aware of whether or not you have been notified of this. Until such time as this matter is resolved I would request that you withdraw as judge from any contested case in which I serve as an attorney. If you are unwilling to do so then I will withdraw as attorney in any contested case where I represent a client before you. Please advise.
>
> With kind personal regards.

The record does not reflect whether the court received the letter. No motion for recusal was filed and no evidence relating to the issue was adduced.

■ Canon 3(C) of the Arkansas Code of Judicial Conduct requires that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. The canon applies even though there is no request to disqualify. *Adams* v. *State*, 269 Ark. 548, 601 S.W.2d 881 (1980).

■ On the other hand disqualification of a judge is discretionary with the judge himself and his decision in this regard will not be reversed absent an abuse of that discretion. *Woods* v. *State*, 278 Ark. 271, 644 S.W.2d 937 (1983); *Chancellor* v. *State*, 14 Ark. App. 64, 684 S.W.2d 831 (1985). Judges are presumed to be impartial and the party seeking disqualification bears a substantial burden proving otherwise. *Chancellor* v. *State*, *supra*. In *Smith* v. *State*, 296 Ark. 451, 757 S.W.2d 554 (1988), the appellant had threatened the trial judge with a class action lawsuit in federal court for failure to promptly arraign him and others. The supreme court held there was no abuse of discretion in the trial judge's failure to disqualify. In *Rush* v. *Wallace*, 23 Ark. App. 61, 742 S.W.2d 952 (1988), a case which also involved extended custody litigation, the appellant argued that the chancellor should have recused because the judge was to be called as a witness. We held that this was no more than an attempt to accomplish indirectly that which the appellant could not accomplish directly, and we found no error in the chancellor's failure to recuse. We specifically noted in *Rush* that the chancellor had conducted a number of hearings in the case and was familiar with the issues and the parties.

■ Similarly, in the case at bar we cannot say that the trial court erred in failing to recuse on its own motion.

For the reasons stated the judgment appealed from is affirmed.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.