The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District P.O. Box 1979 Little Rock, AR 72203
Dear Mr. Stodola:
This is in response to your request for an opinion regarding article 7, section 20 of the Arkansas Constitution. Your specific question is as follows:
 Do the disqualification provisions [of art. 7, § 20] bar a municipal judge, who subsequently is elected to the circuit bench, from hearing felony cases which may have been presented to him as a municipal judge for only preliminary matters such as arraignments, probable cause hearings, bond settings and the like?
In my opinion, the circuit judge may, in certain instances, have to disqualify himself, if necessary to comply with relevant Arkansas law and rules of conduct for judges. This is a determination to be made by the judge under the particular circumstances of each individual case.
Article 7, section 20 states, with regard to disqualification of judges, that:
 No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been counsel or have presided in any inferior court. [Emphasis added.]
This provision operates to require the disqualification of any judge who presided over the proceedings in an inferior court, the trial of which is later before that judge's circuit court. It appears that, at least in some instances, when a judge has presided over the preliminary proceedings of a defendant in municipal court, this may present a conflict in a later proceeding before the circuit court. In such an instance, the judge must decide if the circumstances require his or her disqualification. The decision to disqualify from a case is discretionary with the judge. See Woods v. State,278 Ark. 271, 644 S.W.2d 937 (1983) and Matthews v. Rodgers,279 Ark. 328, 651 S.W.2d 453 (1983).
In the judge's determination of the need to disqualify himself, consideration must be given to the canons of the Arkansas Code of Judicial Conduct. Canon 3(C) provides in pertinent part that:
Disqualification
 (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
 (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . . [Emphasis added.]
This Canon requires that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. Disqualification is discretionary with the judge himself and his decision in this regard will not be reversed absent an abuse of that discretion. Korolko v. Korolko,33 Ark. App. 194, 803 S.W.2d 948 (1991). Judges are presumed to be impartial and the party seeking disqualification bears a substantial burden proving otherwise. Chancellor v. State,14 Ark. App. 64, 684 S.W.2d 831 (1985). A determination as to whether this Canon requires the judge's disqualification should be made with reference to the particular facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh