Ralph GENTRY *v.* STATE of Arkansas

CA CR 93-1199                                    886 S.W.2d 885

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1994

*Hubert W. Alexander*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Ralph Gentry was convicted by a jury of four counts of delivery of marijuana and one count of delivery of diazepam. He was sentenced to five years in the Arkansas Department of Correction and fined a total of $25,000.00. Mr. Gentry now appeals, arguing that the trial judge erred in failing to recuse. Mr. Gentry also contends that his counsel was ineffective and, but for his counsel's errors, there is a reasonable probability that the jury would have reached a different conclusion. We find no error and affirm.

Officer Megan Streussnig of the Cabot Police Department testified that she purchased what was represented to be marijuana from Mr. Gentry on four occasions in June 1992. She indicated that, on one of those occasions, she also purchased what was represented to be diazepam from Mr. Gentry. Officer Streussnig stated that each of the controlled buys occurred at Mr. Gentry's residence and that all of the purchased substances were delivered to the State Crime Lab. Reports from the State Crime Lab revealed that Officer Streussnig had purchased four quantities of marijuana and one quantity of diazepam from Mr. Gentry.

Officer Streussnig testified that these purchases were made on June 15th, June 17th, June 19th, and June 26th, and following each purchase she recorded a written summary of the relevant events. Officer Streussnig prepared five affidavits for the purpose of obtaining an arrest warrant for Mr. Gentry. Each affidavit related a clear and concise account of each drug transaction. Although all five affidavits reflected the date of the notary's acknowledgment to be May 1, 1992, Officer Streussnig testified that this date was incorrect because the controlled buys did not occur until more than a month after this date and the affidavits were not prepared until after the purchases took place. On Octo-

ber 26, 1992, Judge Lance Hanshaw issued warrants for Mr. Gentry's arrest based on the five affidavits. Mr. Gentry was subsequently arrested, and Judge Hanshaw presided over his trial.

Mr. Gentry now argues that Judge Hanshaw was required to recuse from the case and that he committed reversible error by failing to do so. Specifically, Mr. Gentry contends that, because the date on the affidavits for his arrest pre-date the alleged violations, the validity of the affidavits were put into question and the judge was obligated to disqualify himself because he was the judge who issued the warrants in reliance on the affidavits.

■ Canon 3(E) of the Arkansas Code of Judicial Conduct provides that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, such as a case in which he has personal knowledge of disputed evidentiary facts concerning the proceeding. However, disqualification of a judge is a discretionary matter, and the judge's decision in this regard will not be reversed absent an abuse of that discretion. *Korolko* v. *Korolko*, 33 Ark. App. 194, 803 S.W.2d 948 (1991). Judges are presumed to be impartial and the party seeking disqualification bears a substantial burden in proving otherwise. *Chancellor* v. *State*, 14 Ark. App. 64, 684 S.W.2d 831 (1985).

■ The Arkansas Supreme Court held in *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987), that a circuit judge was not required to recuse when, in the course of a suppression hearing to determine the validity of a search warrant, it became apparent that he would have to rule on the propriety of the warrant he had earlier approved. In that case, the supreme court indicated that a judge need not disqualify himself when he has obtained knowledge of the facts of a case from previous judicial proceedings in that very case. In the case at bar, the trial judge was not asked to rule on the validity of the affidavits in question. Essentially, the questionable dating of the affidavits was presented to the jury and it was for the jury to decide whether Officer Streussnig's testimony, that the affidavits were incorrectly dated, was worthy of belief. Moreover, as in *Holloway* v. *State*, Judge Hanshaw's prior knowledge in this case, if any, came from previous judicial proceedings in the same case. Therefore, Judge Hanshaw's alleged personal knowledge did not require him to

recuse. Nor did Judge Hanshaw demonstrate the appearance of partiality in continuing to preside over Mr. Gentry's trial. We find that Judge Hanshaw's failure to recuse was not an abuse of discretion.

Mr. Gentry's remaining argument is that his trial counsel was ineffective. In *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993), the supreme court stated that Rule 37 of the Arkansas Rules of Criminal Procedure generally provides the procedure for postconviction relief due to ineffective assistance of counsel, but that such relief may be awarded a defendant on direct appeal under limited circumstances. In that case, the court addressed the defendant's ineffective counsel argument because she raised the argument by motion for a new trial, which was denied after a hearing on the issue. In the case at bar, however, Mr. Gentry did not file a motion for a new trial on the ground that his counsel was ineffective, nor did he otherwise raise this issue at any time prior to this appeal. Mr. Gentry now raises this argument for the first time and it therefore is not preserved for our review. *See Harrison* v. *State*, 303 Ark. 247, 796 S.W.2d 329 (1990). Even constitutional arguments are waived unless raised before the trial court. *Lynch* v. *Blagg*, 312 Ark. 80, 847 S.W.2d 32 (1993).

Affirmed.

COOPER and MAYFIELD, JJ., agree.