2012 Ark. 399

**Bruce Wayne BROWN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–182.**

Supreme Court of Arkansas.

Oct. 25, 2012.

Louis L. Loyd, Malvern, for appellant.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice.

Appellant, Bruce Wayne Brown, appeals the judgment of the Garland County Circuit Court convicting him of the rape of B.B., his minor stepdaughter. As Appellant was tried and sentenced by a jury to a term of imprisonment for life, jurisdiction of his appeal is properly in this court pursuant to Ark. Sup.Ct. R. 1–2(a)(2) (2012). For reversal, he contends the circuit judge erred in not recusing and in making two separate evidentiary rulings. We find no error and affirm the judgment of conviction.

Appellant does not challenge the sufficiency of the evidence; therefore, we need not recite the evidence in detail. However, the following evidence is relevant to the issues presented on appeal. In June 2010, Appellant was charged by felony information with two counts of rape, with one count involving B.B. and the other involving G.B., his wife. The rape charge involving his wife was later nol-prossed. With respect to B.B., however, the information alleged that Appellant engaged in sexual intercourse or deviate sexual activity with his minor stepdaughter over the course of almost seven and one-half years from November 2, 2002, through April 27, 2010. The jury saw and heard testimony as well as scientific evidence. B.B. testified that Appellant used his penis and a dildo to penetrate her orally, vaginally, and anally on a weekly basis from the time she was ten until she was seventeen years old. B.B. stated that the first time Appellant raped her she was ten years old and was hospitalized for surgical repair to her vagina following that initial rape. She also testified that Appellant was in charge of disciplining her and used anal penetration as a form of punishment, leaving her bloody and incontinent. Arkansas State Crime Laboratory employees testified as to the results of the sexual-assault examination that was performed on B.B., as well as to the results of the scientific testing performed on items taken from the home where Appellant and his family lived. The employees testified that semen was found inside B.B.'s vagina, on her bed sheet and mattress, and on a blanket. They also testified that Appellant's DNA was found on the bed sheet and mattress. In addition, the jury also heard testimony from a registered nurse who was employed as a sexual-assault nurse examiner with Cooper Anthony Mercy Child Advocacy Center. The nurse testified that B.B. had a markedly abnormal exam, showing multiple occasions of penetrated trauma to her vaginal area. As noted, after finding Appellant guilty of rape, the jury sentenced Appellant to life imprisonment. Appellant timely filed this appeal, raising three points for reversal.

Appellant's first point for reversal is that the circuit court erred in denying his motion for the trial judge to recuse. Appellant moved for the recusal during a pretrial hearing on the State's motion to admit evidence under Rule 404(b) of the Arkansas Rules of Evidence. The request came just prior to the consideration of testimony from S.S., who ultimately testified at trial that when she was turning thirteen years old during the summer of 1991, Appellant had raped her while she was a guest of Appellant's brother's family on a camping trip at a nearby lake. The basis of Appellant's request for the trial judge's recusal was that the trial judge had served as a deputy prosecuting attorney on a case in 1991 in which Appellant had been charged with raping S.S. At the hearing, Appellant acknowledged that the charge had been nol-prossed, but argued that it would still be inappropriate for the trial judge to preside over a matter involving a case in which she had previously acted as a deputy prosecutor. Appellant requested that the trial judge recuse and that his case be reassigned to another judge that did not have knowledge of the witness S.S. or her particular case.

At the hearing, the trial judge stated that, even after seeing Appellant and S.S., she had no recollection of Appellant, S.S., or the 1991 case. The trial judge stated further that she felt she was not biased in any way because of that case, and thus denied Appellant's request that she recuse.

On appeal, Appellant maintains that S.S.'s testimony was clearly prejudicial, as the jury imposed the harshest penalty allowed by statute. Appellant argues that the refusal of the trial judge to recuse was therefore an abuse of discretion that prejudiced his right to a fair trial. He contends that the trial judge had a duty to recuse once she was made aware that she had been the deputy prosecutor in a previous case involving Appellant as the defendant and the prior victim as a potential Rule 404(b) witness in the present case.

Judges must refrain from presiding over cases in which they might be interested in the outcome, in which any party is related to them by consanguinity or affinity within such degree as prescribed by law, or in which they may have been counsel or have presided in any inferior court. Ark. Const. amend. 80, § 12. In the predecessor version of this constitutional provision, this court has interpreted the language "may have been of counsel" to be a reference to the case being tried. *Jordon v. State*, 274 Ark. 572, 626 S.W.2d 947 (1982) (interpreting Ark. Const. art. 7, § 20 (repealed by Ark. Const. amend. 80), and citing *Bledsoe v. State*, 130 Ark. 122, 197 S.W. 17 (1917)). Accordingly, this court has held that "it is not, in and of itself, error for a trial judge to preside over a case involving a defendant whom the judge previously prosecuted." *Irvin v. State*, 345 Ark. 541, 553, 49 S.W.3d 635, 643 (2001).

Judges must also perform their duties impartially, without bias or prejudice. Ark.Code Jud. Conduct R. 2.2 & 2.3(A) (2012). Judges are presumed to be impartial, and the person seeking the recusal bears the burden of proving otherwise. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). The trial judge's decision not to recuse is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *Id.* To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. *Id.*

Our review of the record reveals there was no bias or prejudice exhibited by the trial judge toward Appellant. Appellant argues, however, that simply bringing the judge's attention to what he asserts was a potential conflict, that she had once

served as deputy prosecutor against him for a crime involving the potential Rule 404(b) witness, was enough to warrant recusal. This argument is without merit. As argued by the State and discussed in detail under Appellant's second point for reversal, the circuit court's ruling on the potential Rule 404(b) witness was a ruling well within the court's discretion. "The mere fact that some rulings are adverse to the appellant is not enough to demonstrate bias." *Gates v. State*, 338 Ark. 530, 545, 2 S.W.3d 40, 48 (1999). Likewise, the mere fact that a judge previously prosecuted a defendant for a separate crime is not by itself grounds for recusal. *Irvin*, 345 Ark. 541, 49 S.W.3d 635. In addition, a judge need not recuse because that judge had previously prosecuted the defendant for a separate crime that was to be used for sentence-enhancement purposes. *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996).

In deciding not to recuse, the trial judge noted that considerable time had passed since 1991, and that she did not remember either Appellant or the witness, even after seeing them in the courtroom. This court has noted that a trial judge has a duty not to recuse from a case where no prejudice exists. *Owens*, 354 Ark. 644, 128 S.W.3d 445. Thus, if there is no valid reason for the judge to disqualify herself, she has a duty to remain on the case. *Id.*

Here, Appellant has not demonstrated actual bias. And he has not demonstrated that the trial judge was required to recuse simply because she had acted as deputy prosecutor in the 1991 case involving the Rule 404(b) witness. Under our case law, the trial judge's previous prosecution of Appellant itself does not require recusal, and Appellant has not demonstrated actual bias or prejudice. We therefore perceive no reason to hold that the trial judge abused her discretion in denying Appellant's request that she recuse.

As his second point for reversal, Appellant contends that the circuit court erred in admitting testimony under the pedophile exception to Rule 404(b) and under Rule 403. The State filed a motion in limine to introduce testimony from several females who alleged that Appellant had raped them approximately twenty years ago. The State first sought the admission of testimony from M.M., who stated she was eighteen at the time Appellant raped her in 1989. The circuit court did not allow M.M. to testify at trial because she was not a minor at the time of her rape. Over Appellant's objection, the circuit court ultimately allowed two witnesses to testify at trial, H.W. and S.S., who stated they were both minors at the time Appellant raped them. H.W. testified that Appellant raped her during the summer of 1990 when she was thirteen years old and living with her mother's sister, Angela Brown, who was married to Glen Brown, Appellant's brother. As previously noted, S.S. testified that Appellant had raped her while she was thirteen years old and a guest of Sheila and Keith Brown, who was another of Appellant's brothers, on a family camping trip at a nearby lake. The circuit court ruled that only H.W. and S.S. would be allowed to testify at trial, as they were both minors and of similar age to B.B. when she was first raped. Appellant argues on appeal that the circuit court abused its discretion in allowing these two witnesses to testify because of the remoteness of time and the resulting prejudice. Appellant emphasizes that because the unsubstantiated, uncorroborated, and unconnected acts occurred four years apart over twenty years prior, their probative value was clearly outweighed by their prejudicial impact.

We recently reviewed this court's precedent on the pedophile exception to Rule 404(b) as follows:

The admission or rejection of evidence under Rule 404(b) is within the sound discretion of the circuit court, and it will not be reversed absent a manifest abuse of discretion. *E.g., Strong v. State,* 372 Ark. 404, 277 S.W.3d 159 (2008). According to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Such evidence is permissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ark. R. Evid. 404(b). This court's precedent has recognized a "pedophile exception" to this rule, whereby evidence of similar acts with the same or other children is allowed to show a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *E.g., Flanery v. State,* 362 Ark. 311, 208 S.W.3d 187 (2005). For the pedophile exception to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *E.g., White v. State,* 367 Ark. 595, 242 S.W.3d 240 (2006). There must also be an "intimate relationship" between the perpetrator and the victim of the prior act. *Id.*

*Hendrix v. State,* 2011 Ark. 122, at 7–8, 2011 WL 1177219. The rationale for the pedophile exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Flanery v. State,* 362 Ark. 311, 208 S.W.3d 187 (2005); *Greenlee v. State,* 318 Ark. 191, 884 S.W.2d 947 (1994).

Evidence admitted pursuant to Rule 404(b) must not be too separated in time, making the evidence unduly remote.

*Nelson v. State,* 365 Ark. 314, 229 S.W.3d 35 (2006). The circuit court is given sound discretion over the matter of remoteness and will be overturned only when it is clear that the questioned evidence has no connection with any issue in the present case. *Id.* In *Nelson,* we held that, even though the defendant's prior conviction was fourteen years old, the evidence tended to show his intent to commit the charged crime and was, therefore, not too remote in time to be relevant. *Id.* In so holding, we observed that a reasonableness standard is used to determine whether a crime remains relevant rather than a specific time limit. *Id.* Accordingly, when considering remoteness in the context of the pedophile exception in *Lamb v. State,* 372 Ark. 277, 275 S.W.3d 144 (2008), we concluded that the charged acts and the acts the defendant committed some twenty years earlier against his daughters were sufficiently similar to show his tendency for deviate sexual impulses toward young girls such that the prior acts were not too remote in time to be relevant.

As previously noted, H.W. testified that Appellant raped her during the summer of 1990 when she was thirteen years old and living with her mother's sister, Angela Brown, who was married to Glen Brown, Appellant's brother. Also, as previously noted, S.S. testified that Appellant had raped her in the summer of 1991 while she was thirteen years old and a guest of Sheila and Keith Brown, who was another of Appellant's brothers, on a family camping trip at a nearby lake. Both witnesses therefore established that they were within the care and custody of the family of one of Appellant's brothers at the relevant time and that Appellant was in a familial or household relationship with each of the victims, as was B.B. H.W. testified that her rape occurred in the family home while no other adults were

around and that Appellant forced her to her hands and knees and raped her vaginally; B.B. testified that Appellant frequently raped her while she was on all fours and that "doggy style" was Appellant's favorite position. S.S. testified her rape occurred where the family was sleeping while on an overnight camping trip on an island at a nearby lake. S.S. noted that Appellant pitched his tent far away from the rest of the family's tents and that he forced her inside his tent and raped her vaginally after all the other family members were asleep; B.B. testified that Appellant often raped her vaginally in the middle of the night after her mother and brother had gone to sleep. All three victims were of similar age when their rapes occurred; B.B. was ten the first time Appellant raped her, while H.W. and S.S. were thirteen years old.

The State responds that the evidence in this case was probative on many fronts as it not only demonstrates Appellant's depraved sexual instinct for raping minor girls, but is also probative of the circumstances in which he came in contact with the girls. Our foregoing review of the testimony of H.W. and S.S. establishes that their testimony is sufficiently similar to the testimony of B.B. to show Appellant's depraved sexual instinct for young girls and his intent to commit the charged offense of the rape of B.B. We therefore conclude that the prior acts relating to H.W. and S.S. were not too remote to be relevant here. *See Lamb,* 372 Ark. 277, 275 S.W.3d 144.

In addition, we conclude that Appellant cannot demonstrate Rule 403 error because the probative value of establishing similarities between the rapes of H.W., S.S., and the victim in the present case, B.B., outweighed any alleged prejudice. When enough similarities exist to make evidence probative on the issue of a

defendant's deviate sexual impulses, this court defers to the circuit court's broad discretion in concluding that the probative nature of the challenged evidence was not substantially outweighed by the danger of unfair prejudice. *See Flanery,* 362 Ark. 311, 208 S.W.3d 187. While the testimony of H.W. and S.S. was no doubt damaging to Appellant, given the graphic and detailed testimony of B.B. about the sexual abuse she had endured over seven and one-half years and the scientific evidence that corroborated her testimony, we cannot say that the testimony of H.W. and S.S. was unfairly prejudicial to Appellant. In addition, we note the circuit court's exclusion of the testimony of the potential witness who was eighteen years old at the time in question. Accordingly, we cannot say the circuit court abused its discretion in admitting the testimony of H.W. and S.S.

As his third and final point for reversal, Appellant contends that the circuit court erred in granting the State's motion in limine to exclude evidence Appellant intended to offer concerning his sexual relationship with his wife. As previously noted, although Appellant had originally been charged with the rapes of both his stepdaughter and his wife, the charge involving his wife was nol-prossed. The circuit court therefore ruled that testimony and evidence concerning Appellant's sex life with his wife would not be relevant to the rape of B.B., which was the only charge on which Appellant was being tried.

Appellant argues on appeal that this was reversible error because it prevented him from presenting a defense and from rebutting some of the State's DNA evidence that had been found on items taken from their home. Appellant acknowledges that the circuit court did allow him some leeway and ruled that he would be permitted to testify regarding having sex with his

wife and her "saving his semen and planting it on State's evidence." However, Appellant maintains that the circuit court's restriction on his testimony about his sexual relationship with his wife prevented him from putting forth a defense to the rape of B.B.

The State responds initially by pointing out that Appellant did not proffer any testimony with regard to the charge the State nol-prossed and how he somehow intended to use it in his defense to the remaining rape charge. The lack of the proffer precludes our review of this issue on appeal. *See Arnett v. State,* 353 Ark. 165, 122 S.W.3d 484 (2003).

 It is well settled under holdings of this court and the Arkansas Rules of Evidence that a party challenging the exclusion of evidence must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *Id.; Halford v. State,* 342 Ark. 80, 27 S.W.3d 346 (2000); Ark. R. Evid. 103(a)(2). It is not apparent to us what the substance of the unproffered testimony would be. Our review of the record reveals that the circuit court did in fact allow Appellant to testify that it was his wife's dildo that caused B.B.'s vaginal injury when she was ten, that he used sex toys with his wife, and that his wife planted his semen on some of the items that were scientifically tested. Given the testimony that was allowed and the lack of a proffer of the substance of his purported testimony, we cannot see how Appellant's sexual relationship with his wife could fairly be said to be relevant to his raping his stepdaughter. We therefore conclude that, without the proffer, Appellant has failed to preserve for our review his argument regarding the evidence he sought to admit concerning his sexual relationship with his wife.

In compliance with Ark. Sup.Ct. R. 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Appellant, and no prejudicial error has been found.

The judgment of conviction is affirmed.