SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-766

| | |
|---|---|
| ROGER FERREN, SPECIAL ADMINISTRATOR OF THE ESTATE OF KARMEL FERREN, DECEASED<br><br>APPELLANT<br><br>V.<br><br><br>USAA INSURANCE CO. ET AL.<br>APPELLEES | **Opinion Delivered** September 16, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. PR-2013-259-1]<br><br>HONORABLE TOM HUGHES, JUDGE<br><br>REVERSED AND REMANDED |

**M. MICHAEL KINARD, Judge**

Roger Ferren appeals from an order in which the trial judge assigned to the case refused to recuse or to grant an evidentiary hearing on Ferren's motion to recuse. He argues that the trial court erred in refusing to hold a hearing on the motion and erred in not recusing. We agree that the trial court erred in denying the motion without affording Ferren a hearing.

According to the record, appellant's wife died intestate after suffering serious injuries in an automobile accident. Appellant, through counsel, sought and obtained appointment as special administrator of his wife's estate for the purpose of settling a claim against the alleged tortfeasors and their insurer. Thereafter, appellant filed a motion and, later, an amended motion seeking recusal of the trial judge. Appellant alleged that the trial judge had exhibited both apparent and actual bias against his attorney such that the judge's impartiality was reasonably brought into question. Appellant alleged that the trial judge had, in the

presence of others, called appellant's attorney an obscene name; blamed the attorney for the judge having an opponent in his recent bid for reelection; and stated that the attorney was one who thought that he (the attorney) "should get special favors because of who [he is] or what law firm [he is] in." Appellant further alleged that the judge remained upset with appellant's attorney because of the attorney's involvement in a prior case that both resulted in the judge being cast in a negative light and was the subject of a complaint filed by the attorney against the judge with the Judicial Discipline and Disability Commission. Appellant's motion also alleged that the judge's wife, herself a local lawyer, had openly stated to a friend of appellant's attorney that she (the judge's wife) was "going to get [appellant's attorney]" for a perceived "slander[]" that the attorney had written in a letter favoring the judge's election opponent. Exhibits, affidavits, and deposition excerpts were attached in support of the motion. Appellant specifically requested an evidentiary hearing on the motion. The court denied that request and denied the motion to recuse, and appellant filed this appeal.[1]

---

[1]Were this not a probate case, the order would likely not be appealable because it does not constitute a final resolution of all of the issues. However, with a few exceptions not applicable here, all orders in probate cases are immediately appealable. Ark. R. App. P.–Civ. 2(a)(12).

The record also shows that, subsequent to the order appealed from, the trial court approved a settlement of the claim against the decedent's tortfeasors as requested by appellant. It is suggested in the brief filed on behalf of the trial judge that this renders the denial of the recusal motion nonprejudicial or moot. However, we note that the trial court denied other relief requested by appellant, namely that the funds in question be labeled wrongful-death benefits such that they would be beyond the reach of creditors, *see* Ark. Code Ann. § 16-62-102(e) (Supp. 2013), at least one of whom was already seeking a lien against the settlement proceeds. Therefore, additional proceedings will be called for in the trial court, and recusal remains an issue.

Canon 2 of the Arkansas Code of Judicial Conduct provides that "a judge shall perform the duties of judicial office impartially, competently, and diligently." Rule 2.11(a) of the Code states in pertinent part:

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

It is true that a judge is presumed to be impartial, and the party seeking recusal must demonstrate bias or prejudice on the part of the judge. *Nash v. Hendricks*, 369 Ark. 60, 250 S.W.3d 541 (2007); *Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001). However, the proper administration of the law requires not only that judges refrain from actual bias but also that they avoid all appearances of unfairness. *Noland v. Noland*, 326 Ark. 617, 932 S.W.2d 341 (1996); *City of Jacksonville v. Venhaus*, 302 Ark. 204, 788 S.W.2d 478 (1990). Where a judge exhibits bias or the appearance of bias, the appellate court will reverse. *Venhaus, supra.*

Appellant first contends that the trial court erred in denying the motion to recuse without first holding an evidentiary hearing. We agree and reverse and remand for a hearing on appellant's motion for recusal.

The attorney general correctly points out on behalf of the trial judge in this case that there is no requirement that a hearing be held every time a litigant files a recusal motion and asks for a hearing. *See Stilley v. Fort Smith School District*, 367 Ark. 193, 238 S.W.3d 902 (2006) (no hearing was required where the moving party's motion was "devoid of any facts supporting his assertion[s]" of bias and prejudice and "raised no issue of fact or law to be

raised in a hearing"). However, a hearing is necessary where one is requested and there is more than a conclusory allegation that a judge is biased or otherwise subject to recusal. *Nash*, *supra*; *Stilley*, *supra*; *see Venhaus*, *supra* (an appellant can hardly meet his burden of showing cause for recusal without the opportunity to be heard on his motion); *Westbrook v. State*, 265 Ark. 736, 580 S.W.2d 702 (1979) (same). Here, appellant requested a hearing on his motion, and the motion clearly consisted of more than conclusory allegations of bias or prejudice. Therefore, we hold that the trial court erred in denying the motion to recuse without affording appellant a hearing.

Appellant next argues that we should go further and declare that the trial court erred in not recusing. In light of the fact that recusal is initially a matter within the trial court's discretion and our conclusion that a hearing should have been held, we decline to address that question at this time.

Reversed and remanded.

GRUBER and HIXSON, JJ., agree.

*Simpson, Simpson & Mercer, P.A.*, by: *James A. Simpson, Jr.*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Gary L. Sullivan*, Ass't Att'y Gen., for appellees.

SLIP OPINION