Cite as 2019 Ark. App. 347

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-18-546

|  |  |
|---|---|
| | **Opinion Delivered** August 28, 2019 |
| KWASI ANDRADE MCKINNEY | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 14CR-16-35] |
| V. | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| STATE OF ARKANSAS | AFFIRMED |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

Kwasi Andrade McKinney appeals the order entered by the Columbia County Circuit Court denying his motion to recuse. He argues that (1) there is a conflict in the law of judicial disqualification that requires clarification; (2) this court should change the standard of review in judicial-disqualification cases; (3) the circuit court was required to hold a hearing on his motion to recuse; and (4) the circuit court was required to recuse pursuant to Arkansas Code of Judicial Conduct Rule 2.11. We affirm.

This is the third time McKinney's case has been before this court. In his first appeal, McKinney challenged a sentencing order that convicted him of delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons and sentenced him to a total of 154 years' imprisonment.

McKinney argued in his first appeal that (1) there was insufficient evidence to support the convictions for simultaneous possession of drugs and a firearm and for possession of a firearm; (2) the circuit court abused its discretion by ordering the sentences to be served consecutively; and (3) the circuit court abused its discretion by denying his request for a pretrial suppression hearing.

On January 10, 2018, this court affirmed McKinney's convictions for delivery of methamphetamine and possession of methamphetamine. *McKinney v. State*, 2018 Ark. App. 10, at 9, 538 S.W.3d 216, 222. We reversed and remanded the remaining convictions holding that the circuit court abused its discretion in denying McKinney's motions to suppress his statement and the search of his home based on untimeliness and that the court abused its discretion in denying his request for a hearing on his motion to suppress his statement. *Id.* at 9–10, 538 S.W.3d at 222. We directed the circuit court on remand to rule on the merits of McKinney's motion to suppress search and to hold a hearing on the record for the limited purpose of considering the arguments and allegations in his motion to suppress statement. *Id.* at 10, 538 S.W.3d at 223.

On remand, the circuit held a suppression hearing. At the onset of the hearing, McKinney, who was represented by counsel, made a pro se oral motion that the trial judge recuse based on a "conflict of interest." The circuit court asked McKinney if he had filed the motion to recuse, and McKinney answered that he had not. The court advised McKinney that before it could rule on the motion, McKinney had to file it and give the State the opportunity to respond. McKinney requested a continuance. The circuit court denied the request for a continuance, stating that it was moving forward with the suppression hearing as directed by

2

this court. The court invited McKinney to file any motion he liked at the end of the suppression hearing.

After the suppression hearing, McKinney filed his motion to recuse. Citing Arkansas Code of Judicial Conduct 2.11, McKinney alleged that the trial judge should recuse because he had represented McKinney in criminal matters from 2003–2010 and, as a result, had a "conflict of interest."

On April 25, 2018, the circuit court entered three orders: an order denying McKinney's motion to suppress statement, an order denying his motion to suppress search, and an order denying his motion to recuse. The order denying the motion to recuse stated that the trial judge had represented McKinney in various cases between 2003 and 2010 but that none of those cases were in any way related to his current criminal charges. The order further stated that the past representation had not caused any bias or impartiality of the court for or against McKinney. The court noted that it had presided over a jury trial concerning McKinney and no request for recusal was raised. Finally, the order stated that McKinney's motion mischaracterized the contents of Rule 2.11 of the Arkansas Code of Judicial Conduct.

McKinney filed a timely notice of appeal from the circuit court's three orders entered on April 25, 2018. In the second appeal, due to addendum deficiencies, we held that counsel failed to comply with Arkansas Supreme Court Rule 4-2(8)(A)(i), and we ordered a supplemental addendum. *McKinney v. State*, 2019 Ark. App. 138.

McKinney's appeal has returned to us for the third time with the addendum deficiencies corrected. McKinney's first two arguments on appeal are (1) there is a conflict in the law of judicial disqualification that requires clarification and (2) this court should change

3

the standard of review in judicial-disqualification cases. We cannot reach the merits of these two arguments because McKinney is asking our court to overrule Arkansas Supreme Court precedent, which we cannot do. *In re Estate of Edens*, 2018 Ark. App. 226, at 22, 548 S.W.3d 179, 192; *Wallace v. State*, 2017 Ark. App. 659, at 7, 537 S.W.3d 269, 273.

McKinney next argues that the circuit court was required to hold a hearing on his motion to recuse. There is no requirement that a hearing be held every time a party files a recusal motion and requests a hearing. *Ferren v. USAA Ins. Co.*, 2015 Ark. App. 477, at 3–4, 469 S.W.3d 805, 807 (citing *Stilley v. Fort Smith Sch. Dist.*, 367 Ark. 193, 238 S.W.3d 902 (2006) (no hearing was required where the moving party's motion was "devoid of any facts supporting his assertion[s]" of bias and prejudice and "raised no issue of fact or law to be raised in a hearing.")). A hearing is necessary, however, when one is requested and there is more than a conclusory allegation that a judge is biased or otherwise subject to recusal. *Ferren*, 2015 Ark. App. 477, at 4, 469 S.W.3d at 807.

In the case at bar, McKinney requested a hearing on his motion to recuse. However, both his oral and written recusal motions were devoid of any facts to support the claim that the trial judge was biased or prejudiced against McKinney. The oral and written motions asserted only conclusory allegations of bias, e.g., the trial judge should recuse "on grounds of conflict of interest." McKinney provided no examples of the trial judge's comments or actions that demonstrated bias or prejudice. McKinney also relied on Rule 2.11 of the Arkansas Code of Judicial Conduct contending that "a judge shall disqualify himself if [he] previously served as a lawyer." However, McKinney's motion failed to recite the entirety of Rule 2.11, which provides that a judge shall disqualify himself or herself when the judge served as a lawyer in

4

the *matter in controversy.* Ark. Code Jud. Conduct R. 2.11(A)(6)(a). There is no allegation or evidence that the trial judge represented McKinney in the instant case. As a result, McKinney's motions to recuse are nothing more than conclusory allegations that the circuit court is biased or prejudiced. Accordingly, we hold that the circuit court did not abuse its discretion in denying McKinney's request for a hearing on his motion to recuse.

For his fourth and final point on appeal, McKinney argues that even without the benefit of a hearing, the circuit court was required to recuse pursuant to Rule 2.11 of the Arkansas Code of Judicial Conduct based on the undisputed fact that the trial judge had represented McKinney previously, which he claims demonstrates the appearance of impropriety and calls into question the trial judge's impartiality.

Judges must perform their duties impartially, without bias or prejudice. *Brown v. State*, 2012 Ark. 399, at 4, 424 S.W.3d 288, 291 (citing Ark. Code Jud. Conduct R. 2.2 & 2.3(A) (2012)). Judges are presumed to be impartial, and the person seeking the recusal bears the burden of proving otherwise. *Id.*, 424 S.W.3d at 291 (citing *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003)). A trial judge has a duty not to recuse from a case when no prejudice exists. *Id.* at 5, 424 S.W.3d at 292. Thus, if there is no valid reason for the judge to disqualify himself or herself, the judge has a duty to remain on the case. *Id.*, 424 S.W.3d at 292. Finally, the trial judge's decision not to recuse is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *Id.*, 424 S.W.3d at 291. To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. *Id.*, 424 S.W.3d at 291.

Our review of the record reveals that McKinney has failed to present any evidence of bias or prejudice exhibited by the trial judge. McKinney relies on Rule 2.11(A)(1), which mandates disqualification if a "judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding." Ark. Code Jud. Conduct R. 2.11(A)(1). However, as stated above, there is a complete absence of facts alleged or evidence introduced to demonstrate that the trial judge's comments or actions were biased or prejudiced against McKinney before, during, or after the suppression hearing. The mere fact that a judge has ruled against a party is not sufficient to demonstrate bias. *City of Rockport v. City of Malvern*, 2010 Ark. 449, at 11, 374 S.W.3d 660, 666.

The argument that recusal was warranted because the trial judge represented McKinney in various criminal matters from 2003 to 2010 is without merit. As set forth above, Rule 2.11(A)(6)(a) provides that a judge shall disqualify himself or herself when the judge served as a lawyer *in the matter in controversy*, and there is no allegation or evidence that the trial judge represented McKinney in this case. Further, our supreme court has held that the mere fact that a judge previously prosecuted a defendant for a separate crime is not by itself grounds for recusal. *Brown*, 2012 Ark. 399, at 5, 424 S.W.3d at 292; *see also Beshears v. State*, 329 Ark. 469, 472, 947 S.W.2d 789, 791 (1997) (holding that the trial judge's prior prosecution of the appellant in a criminal matter and representation of the appellant in a civil matter did not warrant the trial judge's recusal to avoid the appearance of impropriety absent any evidence of bias or prejudice).

Because McKinney has failed to present any evidence that the circuit court demonstrated bias or prejudice against him, he has failed to rebut the presumption that the

6

trial judge was impartial. Accordingly, we hold that the circuit court did not abuse its discretion in denying the motion to recuse, and we affirm all three orders entered by the circuit court on April 25, 2018: the order denying McKinney's motion to suppress statement, the order denying his motion to suppress search, and the order denying his motion to recuse.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Davis Firm, PLLC*, by: *Michael L. Yarbrough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.