Cite as 2024 Ark. App. 322

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-611

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** May 15, 2024 |
| GALINDO MENDOZA | | |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-21-2050] |
| V. | | |
| | | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Galindo Mendoza was convicted in a jury trial of second-degree sexual assault committed against his daughter, MC, who was twelve years old at the time of trial. For his conviction, Mendoza was sentenced to ten years in prison. On appeal, Mendoza argues that the trial court erred in denying his motion for a directed verdict and abused its discretion in failing to give a jury instruction on alternative sentencing. We affirm.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one

way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra.*

Arkansas Code Annotated section 5-14-125 provides that "a person commits sexual assault in the second degree if the person: . . . [b]eing eighteen (18) years of age or older, engages in sexual contact with another person who is less that fourteen (14) years of age[.]" Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2021). "Sexual contact" includes an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(12) (Supp. 2021).

Elizabeth Whitaker, a detective with the Springdale Police Department, was the first witness to testify for the State. Detective Whitaker testified that on the night of August 9, 2021, she took a report at the police station from Yessica Cuevas and her daughter, MC, regarding an alleged assault committed by Mendoza, MC's father. After she spoke with Cuevas and MC, Detective Whitaker contacted the on-call detective and filed a sexual-assault hotline report.

Fredy Villeda, a sergeant with the Springdale Police Department, testified that he was assigned to investigate the case. Sergeant Villeda contacted the safety center, a facility that

offers services for abused children, and arranged for a forensic interview with MC. Sergeant Villeda observed the forensic interviewer conduct a video-recorded interview with MC. After reviewing the recording of the interview at his office and completing a narrative of the interview, Sergeant Villeda contacted Mendoza. On August 17, 2021, Mendoza waived his *Miranda* rights and spoke with Sergeant Villeda at the police station. During the interview, Mendoza denied that he had sexually abused MC. However, Mendoza admitted that he had told MC "to keep something a secret," but he did not elaborate on what the secret was.

MC testified that she is twelve years old and lives in Springdale with her mother and two younger siblings. MC testified that her father, Mendoza, formerly lived with them and that when he lived there, they would do fun things such as watch movies and go shopping. However, MC testified that there was a time when Mendoza touched her in a way she did not like.

MC described the incident. MC stated that she and Mendoza were lying in bed in her parents' room watching Sponge Bob on television. MC's siblings were also in the bed in front of MC and Mendoza. MC stated that, after her siblings had fallen asleep, Mendoza touched her in her "private area," which she described as her "bottom" below her waist. At another point in her testimony, MC stated that Mendoza touched her "butt." With the aid of a diagram, MC indicated where her father had touched her, describing the places he touched her as her "private area." MC stated that Mendoza was lying next to her with his arm around her waist, that he touched her private area with his fingers, which were "moving

3

around," and that it felt "weird." MC testified that, after Mendoza touched her in this manner, he told her not to tell anyone.

On the basis of this evidence, the jury found Mendoza guilty of second-degree sexual assault and sentenced him to ten years in prison. Mendoza now appeals, raising two arguments for reversal.

Mendoza's first argument is that the trial court erred in denying his motion for a directed verdict because there was no substantial evidence that he committed second-degree sexual assault. Mendoza contends that the State failed to prove he engaged in sexual contact with MC. Mendoza states that MC "was unable to describe the incident in any sort of detail leaving the jury to speculate as to where exactly the victim was touched, how long it lasted, or what exactly happened." Mendoza argues further that there was a lack of evidence that the touching described by MC was for sexual gratification as required for a conviction. Mendoza contends that the testimony presented by the State does not compel a conclusion but leads to only speculation and conjecture.

As an initial matter, the part of Mendoza's sufficiency argument pertaining to where MC was touched is not preserved for review because it was not raised below. Arkansas Rule of Criminal Procedure 33.1(a) requires a criminal defendant in a jury trial to move for a directed verdict at the close of the State's case and at the close of all the evidence. The rule is strictly construed, and to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Hayes v. State*, 2020 Ark.

4

297. In Mendoza's directed-verdict motion, he stated, "As to the count of sex[ual] assault, *she did testify that he touched her private areas.* But there is . . . no testimony to support that there is any sexual gratification present." (Emphasis added.) Because Mendoza conceded below that MC testified that he had touched her in her "private areas," and he made no argument during his directed-verdict motion that the touching element of the offense had not been proved, that specific argument is not preserved for review.

The sufficiency argument that is preserved for review is Mendoza's claim that the State failed to prove that the touching was for sexual gratification. We, however, reject this sufficiency challenge.

In *Compton v. State*, 2023 Ark. App. 587, at 9, 682 S.W.3d 348, 354, we held that there was sufficient evidence to support a second-degree sexual-assault conviction:

> A sexual-assault victim's testimony may constitute substantial evidence to sustain a conviction for sexual assault. The victim's testimony need not be corroborated, and the victim's testimony alone describing the sexual contact is enough for a conviction. The State is not required to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act because sexual gratification is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. The jury is free to believe the State's version of the facts over the defendant's account, is not required to abandon common sense, and may draw reasonable inferences from the evidence. Here, MC1 testified that Compton touched her private parts and her butt through her jeans while she was lying in the bed. Viewed in the light most favorable to the State, this testimony constitutes substantial evidence to support Compton's conviction for second-degree sexual assault.

(Citations omitted.)

Here, MC testified that while Mendoza was lying next to her in bed, Mendoza put his arm around her waist and touched her with his fingers on her "private area" below her waist.

5

MC testified further that Mendoza's fingers were "moving around" and that it made her feel "weird." Moreover, after Mendoza touched her in the areas MC described, Mendoza told her not to tell anyone. From this testimony the jury could reasonably conclude that Mendoza's touching of MC's private area was for the purpose of sexual gratification, and we hold that substantial evidence supports Mendoza's second-degree sexual-assault conviction.

Mendoza's remaining argument is that the trial court abused its discretion in failing to give a jury instruction on alternative sentencing. During the sentencing phase of the trial, Mendoza verbally requested a jury instruction on alternative sentencing and, specifically, an instruction on probation. The trial court denied Mendoza's verbal request and stated, "I don't have to give it," and "you can proffer it but I'm not going to do probation on a sexual-~." Mendoza, however, never proffered the proposed jury instruction.

Arkansas Code Annotated section 16-97-101(4) (Repl. 2016) provides:

> The court, in its discretion, may also instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, may make a recommendation as to an alternative sentence. However, this recommendation shall not be binding on the court[.]

In *Miller v. State*, 97 Ark. App. 285, 248 S.W.3d 487 (2007), we held that although this statute does not require that the jury be instructed on alternative sentences, it does call for an exercise of the trial court's discretion, and an unwavering court policy refusing to instruct the jury on alternative sentences with respect to certain offenses is not an exercise of discretion and amounts to an abuse of discretion. Citing *Miller*, Mendoza argues that the

6

trial court failed to consider the particular facts of the case and abused its discretion by not giving the instruction based on its unwavering court policy on sexual offenses.

We conclude that Mendoza's argument regarding the omitted alternative-sentencing jury instruction is not preserved for review because, although Mendoza asked for an instruction, he failed to proffer a written copy of the proposed instruction. *See Campbell v. State*, 2017 Ark. App. 340, 525 S.W.3d 465. In *Hart v. State*, 301 Ark. 200, 783 S.W.2d 40 (1990), our supreme court made it clear that a defendant must proffer a typewritten copy of his proposed jury instruction to preserve the issue on appeal. In *Hart*, the appellant had asked the trial court to instruct the jury on the legal requirement that a confession be corroborated, and although he did not proffer a typewritten instruction, appellant read Ark. Code Ann. § 16-89-111(d) (the relevant statute) to the court and asked that the jury be so instructed. The supreme court, however, held that this was insufficient to preserve the point on appeal challenging the trial court's failure to give the instruction because there was no written proffer. Because there was no written proffer in the instant case, we likewise must hold that Mendoza's argument pertaining to the jury instruction is not preserved.

Having reviewed the record, we conclude that the arguments raised by Mendoza in this appeal are either not preserved or lack merit. Accordingly, Mendoza's conviction for second-degree sexual assault is affirmed.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Erin Lewis*, for appellant.

7

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.