2017 Ark. App. 659

**Brandon L. WALLACE, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–17–88**

Court of Appeals of Arkansas,
DIVISION III.

Opinion Delivered: December 6, 2017

William R. Simpson, Jr., Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Leslie Rutledge, Att'y Gen., by: Amanda Jegley, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge

Appellant Brandon Wallace appeals his September 21, 2016 convictions by a Pulaski County jury on charges of kidnapping and aggravated assault on a family or household member. He was sentenced to concurrent terms of five years' imprisonment for kidnapping and three years' imprisonment for aggravated assault. He was given enhanced, consecutive sentences of one year imprisonment because the jury found that he used a firearm during the commission of the kidnapping and that the aggravated assault occurred in the presence of a child. He now challenges the trial court's denial of his proffered jury instruction that second-degree false imprisonment is a lesser-included offense of kidnapping. We affirm.

I. *Facts*

On March 11, 2016, the State filed an amended felony information against appellant alleging in relevant part that on or about November 10–11, 2014, appellant committed two felony offenses against Becky Mitchell: (1) the Class Y felony of kidnapping, as defined in Arkansas Code Annotated section 5–11–102(a)(6) (Repl. 2013); and (2) the Class D felony of aggravated assault on a family member, as defined in section 5–26–306(a)(2) (Repl. 2013). In the amended information, the State also alleged that two sentence enhancements were applicable: (1) the "employment of a firearm" enhancement set forth in section 16–90–120(a)–(b) (Supp. 2015); and (2) the "in the presence of a child" enhancement set forth in section 5–4–702(a)–(d) (Repl. 2013). On September 20, 2016, at the beginning of appellant's trial, the State again amended the information to reduce the kidnapping charge from a Class Y felony to a Class B felony. Also, at that time, the trial court granted the State's motion to

dismiss a third felony charge that had been set forth in the March 11, 2016 amended felony information.

At the conclusion of his jury trial held on September 20–21, 2016, appellant was found guilty of having committed Class B felony kidnapping and aggravated assault on a family or household member. The jury also found that appellant had employed a firearm to commit kidnapping and that appellant had committed aggravated assault on a family or household member in the presence of a child. He was sentenced pursuant to a sentencing order filed on October 12, 2016, and an amended sentencing order filed on November 10, 2016. He filed a timely notice of appeal on November 10, 2016.

## II. Standard of Review and Applicable Law

|3A trial court's ruling on whether to submit a lesser-included-offense instruction will not be reversed absent an abuse of discretion. See Johnson v. State, 2017 Ark. App. 373, 523 S.W.3d 908; Webb v. State, 2012 Ark. 64, 2012 WL 503885. While an abuse of discretion may be manifested by an erroneous interpretation of the law, see State v. Gray, 2016 Ark. 411, 505 S.W.3d 160, in the absence of a showing that the trial court erred in its interpretation of a statute, its interpretation will be accepted as correct on appeal. Solis v. State, 371 Ark. 590, 269 S.W.3d 352 (2007).

The determination of whether an offense is a lesser-included offense of another is governed by Arkansas Code Annotated section 5-1-110(b) (Repl. 2013):

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

See, e.g., Davis v. State, 365 Ark. 634, 232 S.W.3d 476 (2006). An offense must meet one of the three statutory tests to be considered a lesser-included offense. Davis, supra. Even if an offense meets the requirements, an appellate court will affirm a trial court's decision to exclude an instruction on a lesser-included offense if there is no rational basis for giving the instruction. Id.

## III. Discussion

Appellant's sole argument on appeal is that the trial court erred in denying his counsel's request that the jury be instructed in the guilt phase of the trial that second-14 degree false imprisonment is a lesser-included offense of kidnapping. Appellant's counsel preserved this issue for our review by requesting that the trial court so instruct the jury. Appellant proffered proposed jury instructions on second-degree false imprisonment as a lesser-included offense of kidnapping, including appropriate transitional jury instructions. The trial court denied appellant's counsel's request based on our supreme court's holding in Davis, supra, that second-degree false imprisonment is not a lesser-included offense of kidnapping.

In Davis, the court applied Arkansas's three statutory definitions of a lesser-included offense and held that under each of these definitions, second-degree false imprisonment is not a lesser-included offense of kidnapping. At trial, appellant's counsel argued that, specifically pursuant to section 5-1-110(b)(3), second-degree false im-

prisonment is a lesser-included offense of kidnapping because it requires proof of a less culpable mental state.

Appellant submits that in *Davis*, and in other cases, our supreme court has interpreted section 5-1-110(b)(3) to require that the elements of a greater offense and a lesser offense be *identical* except that the lesser offense require proof of a less culpable mental state or proof of a less serious injury or risk of injury. Appellant submits that this strict "same elements" interpretation of section 5-1-110(b)(3) is incorrect. He claims that when section 5-1-110(b)(3) is properly applied, second-degree false imprisonment becomes a lesser-included offense of kidnapping. He claims that the greater-lesser relationship is established because each offense is in the same generic class and because second-degree false imprisonment requires proof of a less culpable mental state.

We disagree. Appellant was charged with kidnapping the victim with the purpose of terrorizing her. This definition is set forth in section 5-11-102(a)(6) and states, "A person commits the offense of kidnapping if, without consent, the person restrains another person so as to interfere substantially with the other person's liberty with the purpose of: terrorizing the other person or another person." Appellant claims that in this definition of kidnapping, the culpable-mental-state element of "purpose" does not directly modify the conduct element of "restrains." But pursuant to section 5-2-203(a) (Repl. 2013), the "purpose" culpable-mental-state element modifies the conduct element of "restrains."

Second-degree false imprisonment and kidnapping are both codified in Chapter 11 of Title 5 of Arkansas Code Annotated under the heading "Kidnapping and Related Offenses." Second-degree false imprisonment is defined in section 5-11-104(a) (Repl. 2013), which states, "A person commits the offense of false imprison-

ment in the second degree if, without consent and without lawful authority, the person knowingly restrains another person so as to interfere substantially with the other person's liberty." In this statute, the culpable-mental-state element of "knowingly" directly modifies the conduct element of "restrains." Appellant submits that "knowingly" is a less culpable mental state than "purposely." Ark. Code Ann. § 5-2-203(c)(3) (Repl. 2013).

Appellant maintains that a rational basis for the jury to acquit him of kidnapping and find him guilty of second-degree false imprisonment is found in the custodial statement that he gave to Sherwood Police Sergeant Keith Wilson on November 14, 2014. A recording of this statement was played for the jury at trial. In his custodial statement, appellant asserted that he asked the victim to ride with him so she could watch him commit suicide by shooting himself in the head. Had the jury believed this part of appellant's custodial statement, appellant maintains that the jury could have concluded that appellant was not guilty of kidnapping because he did not restrain the victim with the purpose of terrorizing her, but did restrain her to interfere substantially with her liberty, and so find him guilty of having committed second-degree false imprisonment. He cites *Arnold v. State*, 179 Ark. 1066, 1073-74, 20 S.W.2d 189, 191-92 (1929), for the proposition that when considering the evidentiary basis for a lesser-included-offense jury instruction, a trial court is to consider the evidence in the light most favorable to the defendant.

We disagree and hold that the trial court did not err when it denied appellant's proffered instruction because, pursuant to section 5-1-110 and the holding in *Davis, supra*, second-degree false imprisonment is not a lesser-included offense of kidnapping. Even if it did meet the statutory requirement, there was no rational

basis under these facts to so instruct the jury.

In *Davis, supra,* our supreme court specifically addressed whether second-degree false imprisonment is a lesser-included offense of kidnapping:

> [F]alse imprisonment in the second degree is not a lesser-included offense of kidnapping, pursuant to section 5–1–11[0](b)(1) as it also requires an additional element not required to prove kidnapping. Ark. Code Ann. § 5–1–110(b)(1); Ark. Code Ann. § 5–11–103(a). As noted by the State, second-degree false imprisonment contains the language "without lawful authority." Ark. Code Ann. § 5–11–104(a). However, kidnapping is different, as no person can consent to it. Second-degree false imprisonment also does not meet the test of section 5–1–11[0](b)(2), as committing second-degree false imprisonment is not an attempt to commit kidnapping. Finally, pursuant to section 5–1–11[0](b)(3), second-degree false imprisonment is not a lesser-included offense of kidnapping because, as explained above, the risk of injury is not the only difference between second-degree false imprisonment and kidnapping.[1]

*Davis,* 365 Ark. at 646–47, 232 S.W.3d at 486–87.

 Appellant's invitation on appeal to overrule *Davis* was not made below and is not preserved for review because this court cannot decide issues of statutory interpretation for the first time on appeal. *Sullivan v. State,* 2012 Ark. 74, 386 S.W.3d 507. The trial court's findings were consistent with our supreme court's interpretation in *Davis;* accordingly, it did not abuse its discretion.

 Moreover, on appeal, appellant expands the arguments made to the trial court and now claims that the Arkansas Supreme Court has misinterpreted section 5–1–110(b)(3) to be read too narrowly. We note that appellant acknowledges in his jurisdictional statement that he is asserting claims that involve a significant issue concerning the interpretation of a statute and that his appeal seeks to have Arkansas Supreme Court precedent overruled, particularly *Davis, supra,* as well as other authorities. This court cannot overrule precedent handed down by the Arkansas Supreme Court. *Oliver v. State,* 2016 Ark. App. 332, 498 S.W.3d 320.

Finally, even assuming second-degree false imprisonment was a lesser-included offense of kidnapping, there was no rational basis in the evidence for the trial court to give the proffered instruction. Even under appellant's own version of the events provided to Sergeant Wilson, appellant's conduct was clearly undertaken with the purpose of terrorizing his victim, and his own admission left no rational basis to believe he restrained Mitchell with any purpose other than to terrorize her. Accordingly, the trial court need not have instructed the jury on second-degree false imprisonment. *See Isom v. State,* 356 Ark. 156, 148 S.W.3d 257 (2004). Because there was no rational basis for the trial court to instruct the jury on it, there was no reversible error regarding this issue, and therefore, we affirm.

Affirmed.

Glover and Hixson, JJ., agree.

---

1. In *Davis,* there appear to be several scrivener's errors. The opinion cites section 5–1–111(b)(1), (2), and (3), although it is clear from the subject matter that the cited sections should have been 5–1–110(b)(1), (2), and (3). For accuracy, the correct citations are substituted in brackets.