Cite as 2023 Ark. App. 228

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-370

| | |
|---|---|
| CHARLIE MORRIS<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | Opinion Delivered April 19, 2023<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-21-1222]<br><br>HONORABLE CANDICE A. SETTLE, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Charlie Morris, appeals his convictions for (1) possession of less than two grams of methamphetamine and (2) possession of drug paraphernalia with the purpose to store, contain, or conceal methamphetamine. Morris argues that there is insufficient evidence to support either conviction. We affirm.

On May 17, 2021, Morris and his girlfriend, Anastasia Gentry, tried to rent a motel room at a Van Buren Motel 6, but the hotel owner would not let them check in without presenting identification. Gentry got one of her friends to reserve a room at the motel, where Morris and Gentry stayed that night. Gentry would later admit that they smoked methamphetamine that night in the motel room. The next day, two Van Buren police officers arrived at the motel and knocked on the door. They heard two people, a female voice and a male voice, in the room talking to each other and "some scuffling" and

"commotion." About five minutes later, Gentry opened the door, and the officers saw Morris lying on the bed "pretending to be asleep." One officer was pretty certain that Morris was pretending because they had just heard a male voice minutes earlier. The officers learned that there was an active warrant out for Morris, so he was arrested and patted down. The officers found a glass smoking device in Morris's pocket; the device had black residue in it. One officer said that Morris had the familiar scent of smoked methamphetamine. Morris and Gentry were taken out of the room.

The police entered the cluttered one-bed room to search it. Officers saw a line of white powdery substance and another glass smoking device in plain view on the black countertop beside the sink. Officers found a black hardback case in plain sight near the bed; inside were several small Ziploc baggies, a smoking device that had a white powdery substance in it, and syringes. After the police took Morris and Gentry away from the scene, the hotel owner took over deep cleaning the room. Upon lifting the mattress, he found a zipped black container that held another small black leather bag. The hotel owner called the police to retrieve it, so the police came back that day to get it. Inside the zippered container, police officers found the small black leather bag, which held a small Ziploc baggy that contained a white crystal substance and a separate large plastic bag that contained over twenty grams of white crystalline substance that proved to be methamphetamine. Morris moved for directed verdict on both possession of methamphetamine and possession of drug paraphernalia.[1] The motions were denied, he was convicted, and this appeal followed.

_____

[1]Morris was originally charged with possession of methamphetamine of between ten and two hundred grams, but the jury was also instructed on the lesser-included offense of

2

Although the State asserts that Morris's challenge to the sufficiency of the evidence is barred for failure to make an adequate motion for directed verdict, we disagree. Arkansas Rule of Criminal Procedure 33.1 requires that a motion for directed verdict specify how the evidence is deficient.

Morris's motions for directed verdict challenged both charges by arguing that the drugs and paraphernalia were not on his person or "tied" to him and that he did not "knowingly" or "purposefully" possess either. The jury was instructed on both actual possession and constructive possession. The jury was further instructed that if two or more persons share actual or constructive possession of a thing, either or both may be found in possession. His motions adequately presented the issue of constructive possession of drugs and paraphernalia. While Morris's motions were not ideal, they preserved the point well enough. *See Garner v. State*, 2020 Ark. App. 101, 594 S.W.3d 145. An appellant is bound by the nature and scope of the objections and arguments made at trial. *Daniels v. State*, 2019 Ark. App. 507, 588 S.W.3d 407.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and only the evidence supporting the verdict will be considered. *Garner*, *supra*. A conviction is affirmed if substantial evidence exists to support it, meaning the evidence is forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.* Circumstantial evidence may support the conviction, but it must be

possession of less than two grams of methamphetamine. The jury convicted Morris of the lesser offense.

3

inconsistent with any other reasonable hypothesis of innocence. *Allen v. State*, 2022 Ark. App. 110, 640 S.W.3d 446. Whether the evidence excludes all other reasonable hypotheses that show innocence is a decision for the jury. *Id.* The jury is responsible for determining witness credibility and resolving any inconsistencies in the evidence. *Id.*

Reviewing this appeal under the proper standards, we hold that there was substantial circumstantial evidence to support Morris's conviction for constructive possession of the methamphetamine in plain view on the countertop, given his suspicious behavior of pretending to be asleep when the officers entered the room, the odor of smoked methamphetamine coming from his person, and Gentry's admission that she and he had smoked methamphetamine. As to the paraphernalia charge, the jury had substantial circumstantial evidence because Morris was found in his hotel room, on the bed, near the black hardback case that contained Ziplock baggies and the trappings of methamphetamine use.

Morris adds arguments in his opening and reply briefs contending that the State failed to present adequate proof that any of the white powdery substance, other than the big plastic bag found underneath the mattress, constituted lab-tested and verified methamphetamine or a "usable amount" of the drug. These arguments are raised for the first time on appeal. An appellant cannot change his argument on appeal; an appellant is limited to the arguments presented to and ruled on by the circuit court. *Neal v. State*, 2020 Ark. App. 245, 601 S.W.3d 135. Moreover, we do not consider arguments that are raised for the first time in an appellant's reply brief. *See Adams v. State*, 2020 Ark. App. 501, 612 S.W.3d 191.

Affirmed.

WOOD and HIXSON, JJ., agree.

*Hancock Law Firm*, by: *Charles Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.