Cite as 2025 Ark. App. 26

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-86

| | | |
|---|---|---|
| TRISTAN BERRYMAN | | Opinion Delivered January 22, 2025 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-22-83] |
| V. | | |
| | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## CASEY R. TUCKER, Judge

Tristan Berryman appeals the order of the Drew County Circuit Court revoking his probation. While Berryman frames his point on appeal as a challenge to the sufficiency of the evidence, it is actually a thinly veiled argument that the circuit court should have sanctioned him administratively rather than revoke his probation. This point is not preserved for appellate review. We affirm without reaching the merits.

Berryman pleaded guilty to theft of property, a Class C felony, on August 15, 2022. The circuit court sentenced him to five years of supervised probation. The conditions of Berryman's probation included, but were not limited to, refraining from possessing, buying or using drugs; submitting to drug counseling and treatment; and paying $2,975 in restitution at the rate of $100 a month.

After Berryman tested positive for marijuana and methamphetamine on multiple occasions, failed to attend his substance-abuse classes on a consistent basis resulting in his being unenrolled in the course on two occasions, and failed to make monthly restitution payments, the State filed a petition to revoke his probation. At the revocation hearing, in addition to admitting to the failed drug tests, failure to attend classes, and failure to pay restitution, Berryman testified that he spent approximately $100 a week on methamphetamine during his period of probation.

Berryman filed no motions before the hearing and raised no objections during the hearing. The circuit court revoked Berryman's probation and sentenced him to three years in the Community Correction Center followed by an additional three years' suspended imposition of sentence pursuant to Ark. Code Ann. § 16-93-308(d) and (g) (Supp. 2023).

On appeal, Berryman states as his sole point: "[t]he trial court erred by revoking Tristan Berryman's probation because there was insufficient evidence presented during the revocation proceeding." However, Berryman's argument primarily challenges the nature of the sentence and the statute subsection the circuit court relied on in revoking his probation. Berryman argues the circuit court should have proceeded pursuant to Ark. Code Ann. § 16-93-308(i) rather than proceeding under subsections (d) and (g) because his violations were technical in nature.[1]   In doing so, he argues not only procedure but also the statutory

_____

[1]Arkansas Code Annotated section 16-93-308(d) provides that the court may revoke the defendant's probation when he or she has inexcusably failed to comply with a condition of probation.   Section 16-93-308(g)(1)(A) provides that when the circuit court revokes

2

interpretation of section 16-93-308 following the passage of Act 423, the Criminal Justice Efficiency and Safety Act of 2017.[2] Berryman did not raise this issue before the circuit court; thus, it is not preserved for appeal.

An appellant may challenge the sufficiency of the evidence to support a probation revocation for the first time on appeal without having moved for a directed verdict. *Morgan v. State*, 2020 Ark. App. 212, 599 S.W.3d 605. However, he must properly preserve procedural challenges by raising them in the court below. *Id.* Berryman's challenge to the circuit court's decision to proceed under section 16-93-308(d) and (g) and revoke his probation rather than proceeding under subsection (i) and sanctioning him administratively is procedural in nature. Thus, it was incumbent on him to raise this issue below in order to raise it on appeal.

In addition to being procedural in nature, Berryman's sole argument on appeal raises the issue of statutory interpretation. Again, Berryman did not raise the issue of the interpretation of section 16-93-308 in the wake of Act 423 of 2017 before the circuit court and thus cannot rely on this argument on appeal. *See Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d 507; *Wallace v. State*, 2012 Ark. App. 659, 537 S.W.3d 269.

---

probation, it may enter a judgment of conviction and impose any sentence that might have been imposed originally for the offense of which the defendant was found guilty. Section 16-93-308(i) provides for administrative sanctions without revocation when a probationer commits a technical violation of his or her probation.

[2]Act 423 provides for administrative sanctions, which may include day reporting, community service, increased substance-abuse screening and a shorter period of confinement.

Since Appellant's argument is not preserved, we affirm without reaching the merits.

Affirmed.

WOOD and BROWN, JJ., agree.

*Erin W. Lewis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.