Cite as 2025 Ark. App. 269

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–24–547

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** April 30, 2025 |
| CASEY LEIGH RILEY | | |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-23-186] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Casey Leigh Riley appeals his convictions for sexual indecency with a child. He argues that there is insufficient evidence to support his convictions and that the circuit court erred in not allowing an instruction on indecent exposure. We affirm.

In a criminal information filed 23 October 2023, the State charged Riley with two counts of sexual indecency with a child. Riley was tried at a jury trial on 6 June 2024. Hannah Hale, MC's mother, testified that she had dated Riley from 2016 to 2020. In 2023, she was aware that Riley had some contact with her then-fourteen-year-old daughter. At some point, Hale found some photographs on MC's phone that caused her concern, so Hale contacted law enforcement.

MC testified that her mom and Riley had broken up in 2020, but in 2021, she started communicating with Riley through text and Snapchat. At some point in the summer of 2023, Riley sent her five pictures of his penis via Snapchat (exhibits 1–5). Those photos

included phrases like "Hmmm tasty" and "Hmmm, sounds fun." MC took pictures of her phone with a different phone "[s]o I had evidence if my mom looked through my phone (inaudible) when I would tell her." Riley also texted her a "live" photo of himself in a swimming pool; his penis is visible in the "live" photo (exhibit 10-B) but not the thumbnail that shows in the text (exhibit 10-A). MC said she "didn't click on it to see if it was a live photo or not."

David Evans with the Arkansas State Police assisted in performing a data extraction of Riley's cell phone. The extraction consisted of fifty-four pages of text messages between Riley and MC. The texts included a conversation about underwear, Riley asking to see MC's red-and-black lace underwear, and MC texting a picture of the underwear laid out on a bed.

Riley moved for a directed verdict with regard to exhibit 10-B, the "live" pool photo, as follows. "[MC] testified she never saw that part of it; and if you look at it, it was found on the phone afterwards. Because the statute requires he exposed his sex organs to the alleged victim, first element—the third element, with the purpose to arouse or gratify." The State responded that exhibit 10-B was just part of the evidence against Riley and that there are five other photographs in which his penis is visible. The circuit court denied the motion, and the defense rested without presenting any evidence.

The jury found Riley guilty of both counts of sexual indecency with a child, and the court sentenced him to six years' imprisonment on each count to run consecutively. Riley timely appealed the sentencing order.

2

## I. *Sufficiency*

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006). We will affirm a conviction if substantial evidence exists to support it. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond speculation and conjecture. *Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006).

A person commits sexual indecency with a child if, with the purpose to arouse or gratify a sexual desire of himself or herself or a sexual desire of another person, the person purposely exposes his or her sex organs to another person who is less than fifteen years of age. Ark. Code Ann. § 5-14-110(a)(2)(A) (Repl. 2024).

Riley argues that as a matter of law, sending Snapchat messages or text messages containing an image of one's penis does not constitute "exposure" for purposes of the statute. As authority, he cites *United States v. Williams*, 75 M.J. 663 (2016), in which the U.S. Army Criminal Court of Appeals held that Williams's conduct in showing victims digital images of his penis, either by showing a picture on his own phone or by texting a picture, did not constitute "exposure" for purposes of the offense of indecent exposure because Williams did not "expose" his actual live genitalia for view by the victims. "Exposure" is not defined by the Uniform Code of Military Justice, and the court reasoned that "violations occur when a victim is present to view the actual body parts listed in the statutes, not images or likenesses of the listed parts." *Id*. at 666. Riley suggests that the

3

Arkansas statute should be interpreted the same way and that his convictions should be reversed and dismissed.

Riley also argues that there was insufficient evidence to show that he sent the photos with the purpose to arouse or gratify a sexual desire. His penis is flaccid in the photos, MC "did not even notice the penis in all of the photos," and there was no allegation that Riley had sexual contact with MC. Therefore, he argues, there is no proof to trigger the presumption of sexual gratification. *See Ross v. State*, 2010 Ark. App. 129, at 4 ("Our case law makes clear that when sexual contact occurs, and there is no legitimate medical reason for it, it can be assumed that such contact was for sexual gratification and the State need not offer direct proof on that element."). Riley again concludes that his convictions must be reversed and dismissed.

Riley's "exposure" argument is made for the first time on appeal, so we will not address it. *See Wallace v. State*, 2017 Ark. App. 659, 537 S.W.3d 269 (this court cannot decide issues of statutory interpretation for the first time on appeal). Riley's "sexual gratification" argument is likewise not preserved for our review. At trial, his directed-verdict motion was based specifically on exhibit 10-B and whether his sex organs were visible in that photo. His argument on appeal appears directed to all the photos, and he asserts a lack of flaccidity and a lack of sexual contact. These arguments, however, were not made below. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Davis v. State*, 2022 Ark. App. 510, 657 S.W.3d 207.

## II. *Jury Instruction*

On the day of trial, the parties had an in-chambers discussion with the court regarding witness lists and jury instructions. Defense counsel sought an instruction on indecent exposure, which he claimed was a lesser-included offense of sexual indecency with a child. The court stated it would "take a look at it" and allowed further argument at the close of evidence.

As stated above, a person commits sexual indecency with a child if, with the purpose to arouse or gratify a sexual desire of himself or herself or a sexual desire of another person, the person purposely exposes his or her sex organs to another person who is less than fifteen years of age. Ark. Code Ann. § 5-14-110(a)(2)(A). A person commits indecent exposure if, with the purpose to arouse or gratify a sexual desire of himself or herself or of any other person, the person exposes his or her sex organs in a public place or in public view or under circumstances in which the person knows the conduct is likely to cause affront or alarm. Ark. Code Ann. § 5-14-112(a)(1) & (2) (Repl. 2024).

The State argued that sexual indecency with a child and indecent exposure are not in the "same line of offenses" because an element of sexual indecency with a child is that the victim is a minor, and indecent exposure does not require that a minor be involved. The defense cited Ark. Code Ann. § 5-1-110(b) (Repl. 2024), which provides that an offense is included in an offense charged if the offense:

> (1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged;
>
> (2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or

5

(3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

Ark. Code Ann. § 5-1-110(b)(1)–(3).

The defense asserted that indecent exposure is a lesser-included offense of sexual indecency with a child under subdivision (1) or (3) and argued,

> The fact that age is an element in the first one, because it's a felony, that's what makes it a higher level offense because it's—if you take out age and then it becomes just indecent exposure, and that's a class A misdemeanor, a lower level offense, less serious injury. There are no Arkansas cases specifying this specific argument that I can find. And I did run those through Westlaw—and Texas cases, statutes are a little different, but Texas cases, depending on the nature of the case, almost uniformly find that there's a lesser—indecent exposure is a lesser of that type of offense. The statutes are phrased differently, I'll admit that, but (unintelligible) I could find in other jurisdictions says that it is a lesser. But again, their statutes are not as specific as ours.

The circuit court denied the request for an instruction on indecent exposure, reasoning that a charge of indecent exposure would require the State to prove that the defendant exposed his sex organs under circumstances in which he knew his conduct was likely to cause affront or alarm to others, and that is not an element that the State is required to prove on the charge of sexual indecency with a child. To prove the elements of sexual indecency with a child, the State need only show that the defendant purposely exposed his sex organs to another person, that that person was under the age of fifteen, and that he did so with purpose to gratify sexual desires.

We have often stated that refusal to give an instruction on a lesser-included offense is reversible error if the instruction is supported by even the slightest evidence. *Chavez v. State*, 2018 Ark. App. 527, 564 S.W.3d 268. However, we will affirm a circuit court's

6

decision to exclude an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Id.* A circuit court's ruling on whether to submit jury instructions will not be reversed absent an abuse of discretion. *Gibout v. State*, 2024 Ark. App. 568, 702 S.W.3d 404.

Riley argues that the circuit court misinterpreted Ark. Code Ann. § 5-1-110(b)(3) and rendered it essentially the same as subdivision (b)(1). He contends that the circuit court's interpretation of the statute focused only on whether indecent exposure was a lesser-included charge based on the elements test laid out in subdivision (b)(1); this interpretation renders subdivision (b)(3) superfluous.

Riley asserts that indecent exposure is "clearly" a lesser-included offense of sexual indecency with a child as it differs from the offense charged only in the respect that the alleged victim does not have to be a minor. Both charges involved allegations of exposing one's sex organs to another person, and the only difference is that the sexual-indecency-with-a-minor charge requires that the other person be less than fifteen years old, whereas indecent exposure has no age requirement.

The State responds by noting that while Riley argues that the circuit court rendered subdivision (b)(3) identical to subdivision (b)(1), his argument for the lesser-included offense is based on subdivision (b)(1), so whether the circuit court erroneously interpreted subdivision (b)(3) is immaterial.

The State also contends that indecent exposure is not a lesser-included offense of sexual indecency with a child under either subdivision (b)(1) or subdivision (b)(3). Regarding subdivision (b)(1)—whether indecent exposure is established by proof of the

same or less than all of the elements required to establish the commission of sexual indecency with a child—the State argues indecent exposure requires that the exposure occur in a public place (or in public view) or under circumstances in which the person knows the conduct is likely to cause affront or alarm. Sexual indecency with a child, on the other hand, requires neither of these factors. Because indecent exposure requires proof of one of those elements and sexual indecency with a child does not, it is not a lesser-included offense under § 5-1-110(b)(1). *See Barnum v. State*, 2020 Ark. App. 523, 614 S.W.3d 453 (fourth-degree sexual assault is not a lesser-included offense of rape under section 5-1-110(b)(1) because fourth-degree sexual assault requires proof of two elements that rape does not—that the accused be twenty years old or older and that the victim is not the accused's spouse).

The State also argues that indecent exposure is not a lesser-included offense of sexual indecency with a child under subdivision (b)(3)—whether indecent exposure differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission. First, the State notes that Riley did not make an argument based on subdivision (b)(3) in his appellate brief; instead, his only argument is that indecent exposure "differed from the offense charged only in the respect that the alleged victim does not have to be a minor." Next, the State explains that even if Riley had made the argument, the statutes differ regarding the age of the victim along with any difference in seriousness of injury or in culpable mental state. The State concludes that the circuit court did not abuse its discretion by refusing Riley's proffered jury instruction.

8

In reply, Riley clarifies that he is arguing that indecent exposure is a lesser-included offense under subdivision (b)(3), not subdivision (b)(1). He asserts that indecent exposure is a lesser-included offense of sexual indecency of a child because "it differs only in the respect that it involves a less serious risk of injury to the public interest."

In his initial brief, Riley argues that indecent exposure differs from sexual indecency with a minor "only in the respect that the alleged victim does not have to be a minor." This is not an argument that the alleged lesser-included offense differs from the offense charged "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission." Ark. Code Ann. § 5-1-110(b)(3). Riley changes his argument in his reply brief and contends that "indecent exposure is a lesser-included offense of sexual indecency of a child because it differs only in the respect that it involves a less serious risk of injury to the public interest." However, we do not consider arguments that are raised for the first time in an appellant's reply brief. *Morris v. State*, 2023 Ark. App. 228, 664 S.W.3d 473. We hold that the circuit court did not abuse its discretion in finding that indecent exposure is not a lesser-included offense of sexual indecency with a child and denying the proffered jury instruction.

Affirmed.

TUCKER and BARRETT, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.

9